# Cases

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### May, 1903.*

---

RACHEL SHNEIDER, Appellant, *v.* FREDERICK MAHL and Others, Respondents.

*Equitable mortgage — notice of the right thereto of a tenant in possession of the premises — priority of such equitable mortgage over mortgages given to third persons during the continuance of the tenancy —judgment not granted against a party in default whose interest is not stated and against whom no relief is asked.*

A mortgagee or grantee who takes a conveyance of real property, either conditional or absolute, which is in the actual and open possession of another, is, as a general rule, charged with knowledge of the exact rights of the person so in possession, and it is of no consequence that such rights were in fact unknown to such mortgagee or grantee.

A purchaser of real property, occupied by persons sustaining only the relation of tenants to the owner, may, however, assume that their possession is the possession of the owner, and such purchaser is not chargeable with knowledge of any secret agreement which may have been made between such owner and such tenant or tenants affecting the title to the property, and which is wholly independent of and outside of the agreement or contract establishing such relation, and in no manner involved by the terms or conditions of the leases or agreements of occupancy.

The owner of a farm, in the actual possession of a tenant who was working it on shares, became indebted to the tenant and made a verbal agreement with her that he would execute a mortgage upon the premises to secure the amount of the indebtedness, and that he would allow the tenant to occupy the farm as a tenant until the debt should be fully paid and satisfied. Thereafter and before the mortgage had been executed to the tenant or the indebtedness paid, and

---

* The other cases of this term will be found in volume 83 App. Div.— [REP.

APP. DIV.—VOL. LXXXIV.    1

while the tenant still remained in possession of the farm, the landlord executed to third parties mortgages upon the farm to secure loans actually made to him.

*Held,* that, the tenant being in possession under her lease, the third parties were chargeable with knowledge of its terms and conditions;

That, as one of the terms and conditions of the lease was that she was to be entitled to a mortgage upon the premises to secure the amount of the landlord's indebtedness to her and also to remain in possession of the premises until the indebtedness was paid, the mortgages executed to the third parties were subordinate to the equitable mortgage created in favor of the tenant by the agreement between her and the landlord.

Where the complaint in an action involving the title to real property does not demand relief of any kind as against one of the defendants, and contains no statement indicating what interest she claims to have in the premises, the court has no power to grant any relief as to such defendant, even though she defaults in pleading.

APPEAL by the plaintiff, Rachel Shneider, from so much of a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Niagara on the 6th day of January, 1903, upon the decision of the court, rendered after a trial at the Niagara Special Term, as adjudges that the lien of a certain equitable mortgage of the plaintiff is inferior to the lien of three mortgages given to certain of the defendants by the defendant Frederick Mahl, and inferior to an inchoate right of dower of the defendant Eliza Mahl.

The action was commenced in September, 1901, for the purpose of having it adjudged that by virtue of an oral agreement made by the plaintff and the defendant Frederick Mahl in March, 1899, she became equitably entitled to a mortgage upon the premises described in the complaint, as security for the payment of $352.25, the amount due and owing to her from said defendant, and that such mortgage is a lien upon said premises prior and superior to the mortgage liens of any of the defendants; also to have such mortgage foreclosed in the usual way, and judgment was demanded accordingly. The defendant Michael Weitzman, one of the mortgagees, and the defendant Eliza Mahl did not appear or answer in the action, but made default. No relief of any kind is demanded in the complaint against Eliza Mahl, and it contains no statement indicating what interest she claims to have in the premises, or who she is except that she is described in the title of the action as the wife of Frederick Mahl. The other defendants, who are the respondents upon

this appeal, appeared and answered, alleging in substance that the liens of their respective mortgages were prior and superior to any lien or rights of the plaintiff.

The trial court found that the transactions between the plaintiff and the defendant Frederick Mahl amounted to an equitable mortgage in her favor, for the payment of his indebtedness to her, and constituted an equitable lien upon said premises; but also found that such lien was inferior to that of the mortgages of the defendants " and the inchoate right of dower of the defendant Eliza Mahl," and judgment of foreclosure and adjudging such inferiority of lien was entered. From such judgment this appeal is taken, and the only question involved is whether or not the lien of the plaintiff's equitable mortgage is inferior to the liens of the defendants.

*Henry M. Davis,* for the appellant.

*S. B. Parker,* for the respondents John Mahl and Frederick Mahl.

*W. B. Simson,* for the respondent Clara Mahl, individually, as administratrix, and as guardian ad litem for infant defendant Lerol Mahl.

McLENNAN, J.:

None of the evidence is contained in the record, and, therefore, the decision of this appeal must be determined solely upon the facts as found by the learned trial court. The facts so found, so far as it is important to note, are:

The defendant Frederick Mahl, on or about November 30, 1898, became the owner in fee of the five-acre parcel of land first described in the complaint. On the 16th day of March, 1899, he became the owner of the other parcel described therein. At all times since he became such owner " the plaintiff has been and now is in the actual possession of them as a tenant of the said defendant, working them on shares." During the years 1898 and 1899 the defendant Frederick Mahl became indebted to the plaintiff for money loaned and for work, labor and services, amounting in the aggregate, with interest, to the sum of $352.25. On March 1, 1899, Mahl agreed to secure the payment of such indebtedness by executing and delivering to the plaintiff a mortgage upon the premises

in question for the amount, and " that the plaintiff should continue thereafter to occupy said two parcels of land as such tenant until such debt should be fully paid and satisfied." He refused, however, to execute and deliver said mortgage, and no part of said indebtedness has been paid, although by the terms of said agreement the whole thereof became due and payable not later than March 1, 1900.

On or about the 1st day of January, 1900, Frederick Mahl, the owner, duly executed a mortgage covering the parcel of land last described in the complaint, and delivered the same to the defendant Michael Weitzman (who did not appear or answer and does not appeal), to secure the payment of $200 with interest. Just one month later Frederick Mahl duly executed a mortgage upon the same premises, and delivered it to his son, the defendant John Mahl, to secure the payment to him of $200 with interest; and on the 15th day of February, 1900, he executed a mortgage upon the parcel of land first described in the complaint, and delivered it to another son, William Mahl, to secure to him the payment of $600 with interest. It is found as a fact that said sums were actually loaned by said mortgagees, respectively, to Frederick Mahl, and that said mortgages were executed and delivered in good faith to secure the payment of such loans.

The mortgagee William Mahl died before the commencement of the action, and the defendant Clara Mahl was duly appointed executrix of his estate. The defendant Lerol Mahl is an infant son of William Mahl and Clara Mahl, and the mother, Clara Mahl, was duly appointed his guardian *ad litem,* and appears for him as such by her attorney.

Upon these facts the question is squarely presented whether or not the indebtedness due and owing by Frederick Mahl to the plaintiff, the payment of which he agreed to secure by the execution and delivery of a mortgage, and which agreement was of such a character as to constitute an equitable mortgage in her favor upon the premises in question, was superior or inferior to the liens or rights of the defendants or any of them.

At the outset it must be held that the judgment, in so far as it determines that the mortgage of the defendant Michael Weitzman is a lien upon the premises superior to the lien of the plaintiff's equitable mortgage, is erroneous, because of the fact that said

defendant did not appear or answer, but made default, and thereby in effect admitted that plaintiff's lien was superior to his, and she thus became entitled to a judgment as against him, as prayed for in the complaint. It must also be held that the learned trial court had no power or authority to make any judgment or decree affecting the rights of the defendant Eliza Mahl in the premises, for the reason that no relief was demanded in the complaint as against her. Her alleged interest in or relation to the premises was not stated, and, therefore, she was under no obligation to answer or defend, and had a right to assume that no judgment would be rendered which would in any manner affect her rights. Whether her interest in the premises is an "inchoate right of dower," or some greater or less interest, we are not advised by the findings or by any allegation contained in the pleadings, and, therefore, conclude that the judgment, in so far as it assumes to determine that her right to or interest in the premises was or is limited to an "inchoate right of dower," is not binding as against her.

We are then brought to a consideration of the important question in this case : Whether or not the equitable mortgage of the plaintiff, which the trial court found existed, constitutes a lien upon the premises superior or inferior to the liens of the mortgages of the respondents. It will be noted that all the indebtedness from Frederick Mahl, the owner of the premises, to the plaintiff had been incurred, and the agreement to secure the payment of the same by the execution and delivery of a mortgage covering the premises in question had been made, prior to the execution and delivery of the defendants' mortgages or either of them, and that when said mortgages were executed and delivered, and when the indebtedness which constituted the consideration therefor was incurred, the plaintiff was in the actual possession of the premises, but, as found by the learned trial court, as tenant of the owner, Frederick Mahl.

As a general proposition it may be stated that a mortgagee or grantee who takes a conveyance of real property, either conditional or absolute, which is in the actual and open possession of another, is charged with knowledge of the exact rights of the person so in possession; and it is of no consequence that such rights were in fact unknown to such mortgagee or grantee. (*Phelan* v. *Brady,* 119 N. Y. 587.)

The rule, however, does not apply where the relation between the actual owner and the person in possession is solely that of landlord and tenant, because, under such circumstances, the possession of the former is, in law, the possession of the latter. (*Bedlow* v. *New York Floating Dry Dock Co.*, 112 N. Y. 263.)

If the general rule above stated is applicable, then a person contemplating the purchase of real property, possibly occupied by many tenants, must not only ascertain the terms and conditions of the leases under which they respectively occupy, but must also at his peril ascertain what, if any, secret agreements have been made between the owner and any or all of such tenants.

To illustrate : If a person owning a building occupied for stores and living rooms by a large number of tenants, should apply to a savings bank for a loan, to be secured by a mortgage upon the premises, concededly the bank would be under the necessity, if it wished to know the exact condition of the title, to ascertain the nature and conditions of the leases under which such tenants occupied respectively ; but having learned that the occupants were tenants and were in possession solely as such, must the bank ascertain at its peril whether or not all or some one of them did not have a secret agreement with the owner, by which a lien upon the premises had been created ?

Upon authority, and principle as well, it must be held that a purchaser of real property, occupied by persons sustaining only the relation of tenants to the owner, may assume that their possession is the possession of the owner, and such purchaser is not chargeable with knowledge of any secret agreement which may have been made between such owner and such tenant or tenants affecting the title to the property, and which is wholly independent of and outside of the agreement or contract establishing such relation, and in no manner involved by the terms or conditions of the leases or agreements of occupancy.

These propositions do not, however, aid the respondents. The trial court has found not only that the plaintiff occupied the mortgaged property in question as tenant, but also that the owner, before any rights were acquired by the respondents, agreed with the plaintiff that her indebtedness should be secured by a mortgage upon the premises, " and that the plaintiff should continue thereafter to

occupy said two parcels of land as such tenant until such debt should be fully paid and satisfied." Under that agreement the plaintiff had the right as tenant to occupy the premises until the mortgage was given and her indebtedness paid, as against any of the defendants.

Taken as a whole, the findings of the trial court establish that the terms of plaintiff's lease were, in effect, that she should work the premises on shares; that her lessor would . execute and deliver to her a mortgage to secure the payment of his indebtedness to her, and that she might continue to occupy the premises until such mortgage debt was fully paid and satisfied. The plaintiff, being in possession under such lease, the respondents were chargeable with knowledge of its terms and conditions, and her rights could not be affected by the execution and delivery of their mortgages, or by any other agreement made and entered into by and between them and plaintiff's landlord, Frederick Mahl, to which the plaintiff was not a party and to which she did not assent. The plaintiff in this case, by virtue of her agreement with Frederick Mahl, was entitled to work the premises in question on shares ; was entitled to a mortgage which should be a lien upon the same to secure the payment to her of a certain sum of money ; and she was also entitled to occupy the premises until such sum was paid. Those were the terms and conditions of her lease, and she being in possession under such lease, the defendants acquired no rights as against her under the mortgages executed and delivered by Frederick Mahl to them.

The defendant Frederick Mahl having refused, as found by the trial court, to execute and deliver to the plaintiff the mortgage which he had promised to give, and having neglected and failed to pay said mortgage debt, the plaintiff was entitled to bring this action to establish such mortgage, and to enforce the payment of the same by foreclosure and a sale of the premises.

As we have seen, the defendant Michael Weitzman did ' not appear or answer in the action and made default, and as to him the plaintiff was entitled to the relief demanded in the complaint. The defendant Eliza Mahl also made default. Who she is or how she was interested in the premises does not appear, either by the complaint except in the title, or by the findings of the court. It seems to have been assumed, and probably is the fact, that she is the widow

of Frederick Mahl, the mortgagor, but there is no allegation in the complaint or any finding of fact to that effect, and no relief as against her is demanded in the complaint. She was, therefore, not called upon to appear or answer, and her rights or interest in the premises ought not to be determined in this action, and while the pleadings are in their present condition.

The trial court properly determined as a conclusion of law, upon the facts found, that the transaction between the plaintiff and the defendant Frederick Mahl amounted to an equitable mortgage upon the premises described in the complaint, for the payment of $352.25, and that she was entitled to and has an equitable lien upon said premises for that amount; in fact no appeal is taken from that part of the judgment; but we think, upon the facts found, the court was in error in concluding that such lien was inferior to the mortgage liens of the defendants, and also in making any determination in respect to the rights of the defendant Eliza Mahl.

The judgment should be modified so as to adjudge that the lien of the plaintiff's equitable mortgage is a lien upon the premises described in the complaint, prior and superior to the liens of the mortgages of the defendants respectively, and so as to provide that the premises be sold by the referee appointed for that purpose, but subject to any and all rights of the defendant Eliza Mahl; that out of the proceeds of sale, after paying the costs and expenses thereof, there be paid to the plaintiff or her attorney the amount of her equitable mortgage and interest, together with the costs of the action, allowed by the court below, and of this appeal; and that the balance of the purchase price, if any, be paid to apply upon the mortgages of the defendants according to their priority; and as so modified the judgment is affirmed, with costs to the appellant, to be paid out of the proceeds of the sale of the premises, as above provided.

All concurred.

Judgment modified in accordance with memorandum filed with the clerk and as modified affirmed, with costs in favor of the appellant, to be paid out of the proceeds realized from the sale of the premises.