LANG v. LANG et al.

(Supreme Court, Special Term, Nassau County. April 5, 1911.)

1. TRUSTS (§§ 17, 18*)—STATUTE OF FRAUDS—ENFORCEMENT OF TRUST—APPLICATION OF STATUTE.

Plaintiff, while ill, to obviate the necessity of making a will, conveyed certain property to his wife at her request, under a verbal agreement and understanding that it should be hers if he died, and, if not, that she would reconvey it to him at any time he desired, and both plaintiff and his wife thereafter expended money in improving the property. *Held,*

that plaintiff could enforce his wife's agreement to reconvey, notwith-standing the statute of frauds.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 15–24; Dec. Dig. §§ 17, 18.*]

2. ESTOPPEL (§ 101*)—ESTOPPEL BY CONDUCT—TITLE.

A husband's testimony, in a proceeding to collect a judgment, that his wife owned certain premises, would not estop him from seeking to enforce a prior verbal agreement by her to reconvey the premises to him at his request, after he had conveyed them to her during an illness to obviate making a will.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 293; Dec. Dig. § 101.*]

3. VENDOR AND PURCHASER (§ 232*)—BONA FIDE PURCHASERS—POSSESSION OF PROPERTY.

Where defendant purchased property from plaintiff's wife, while plaintiff was in actual and open possession thereof, and his wife was not living upon the premises, defendant was charged with notice of any rights which plaintiff could establish, and hence that the title was held by plaintiff's wife in trust under an oral agreement to reconvey to him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–562; Dec. Dig. § 232.*]

Action by John Lang against Lizzie Lang and others. Judgment for plaintiff.

Neu, Gilchrist & Spedick (Alfred J. Gilchrist, of counsel), for plaintiff.

Schwed & Frank, for defendants.

JAYCOX, J. The plaintiff, prior to his marriage to the defendant Lizzie Lang, was the owner in fee of the premises described in the complaint. The plaintiff was ill, and this called to his attention and the attention of his wife the fact that, if he should die, having made no will, his wife would inherit but a small portion of his property. Thereupon, with that dread of wills which is common to laymen, it was decided, at the request of the wife, that the plaintiff should make to her a deed, so that in the event of his death the premises should be hers, and she agreed that if, at any time during his life, the plaintiff desired the premises returned to him, she would reconvey them. There was no intention, apparently, of vesting the title in her. It was merely a precaution taken for her benefit, in case the plaintiff should die before her. This, I think, was the reason for the conveyance, and the sole reason, and the defendant Lizzie Lang readily agreed and promised to execute a reconveyance whenever it should be desired by the plaintiff. Since that time the plaintiff and defendant both labored and put the results of their labor into the premises. The plaintiff also received a legacy of $400, which was devoted to the same purpose. Two other lots, which were also conveyed at the same time, have been sold, and the proceeds used for the improvement of the premises. The defendant Lizzie Lang kept a small candy store, and whatever she made in that way was also devoted to the improvement of the premises. After a time the plaintiff and defendant disagreed and separated; the plaintiff re-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

maining upon the premises and the defendant going away. The defendant Lizzie Lang then sold the premises to the defendant E. Herman Mueller, who thereupon attempted to dispossess the plaintiff. The plaintiff now brings this action to compel the defendant Mueller to execute to him a conveyance.

[1] The first question presented is as to whether or not the agreement between the husband and wife can be enforced. I am of the opinion that it can be. The plaintiff did not execute the deed to the defendant Lizzie Lang for the purpose of vesting the title in her, but merely to protect her in case of his death. It was, perhaps, a poor expedient for that purpose; but it impressed them as adequate, and, having obtained the title for that purpose, I do not think the defendant Lizzie Lang could have resisted an action brought by the plaintiff to compel specific performance of the agreement. She should not be permitted to raise the statute of frauds or the real property law as a shield to protect her in depriving the plaintiff of his property.

[2] I am aware that the plaintiff, at one time, in a proceeding to collect a judgment, testified that his wife owned the premises; but I do not think that in any way estops him from now claiming the premises. It merely raises a question for the court to determine in which instance he told the truth. I am inclined to believe that he now tells the truth, as his wife, although present in court upon the trial, did not take the stand to contradict anything that he said. The agreement in question, I think, can be enforced, although not in writing. It is distinguishable from the cases cited by the defendant, for the reason that it was not made for the plaintiff's benefit, but was made for the benefit of the defendant Lizzie Lang, and she, having obtained the title under this arrangement, cannot now be heard to say that it cannot be enforced, because it is not in writing. Gallagher v. Gallagher, 135 App. Div. 457, 120 N. Y. Supp. 18, and cases there cited.

[3] The defendant Mueller stands in no better position than the defendant Lang. He took his deed when the premises were in the open and notorious possession of the plaintiff. This being so, he is charged with a knowledge of the exact rights of the person so in possession. Shneider v. Mahl, 84 App. Div. 1, 82 N. Y. Supp. 27; Phelan v. Brady, 119 N. Y. 587, 23 N. E. 1109, 8 L. R. A. 211.

The defendants claim that there is a distinction in the present case from those above cited, because the plaintiff herein is the husband of the defendant Lizzie Lang, and that his possession is no notice to the defendant Mueller, unless the defendant Mueller knew they were living separate and apart. I think it must be assumed that the defendant Mueller knew whatever an investigation upon the premises would have shown. It must be assumed that he knew that the plaintiff lived upon the premises, and that the defendant Lizzie Lang did not live upon the premises. This would charge him with notice that the plaintiff was in possession, and thereby charge him with knowledge of any right which the person in possession is able to establish.

The plaintiff is entitled to judgment as prayed for in the complaint.