PRATT v PRENTICE.

(Supreme Court, Appellate Division, Fourth Department. December 4, 1914.)

1. VENDOR AND PURCHASER (§ 232*)—BONA FIDE PURCHASER—WHO ARE.
   One may be a bona fide purchaser of lands, although he did not inquire from the occupant as to the nature of his possession.
   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 540–545, 548–562; Dec. Dig. § 232.*]

2. JUDGMENT (§ 243*)—NECESSARY PARTIES.
   In ejectment, the interest of defendant's wife cannot be determined, where she was not a party.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 428; Dec. Dig. § 243.*]

3. LANDLORD AND TENANT (§ 61*)—RIGHT TO QUESTION LANDLORD'S TITLE—ESTOPPEL.
   A lessee is, by reason of his relation to the landlord, estopped from questioning the landlord's title and asserting title paramount in another.
   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 151, 152, 187–196; Dec. Dig. § 61.*]

4. TRUSTS (§ 134*)—CONSTRUCTION—TITLE OF TRUSTEE.
   A deed to one as trustee, in the absence of other evidence, vests him with title.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 177; Dec. Dig. § 134.*]

5. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR.
   In ejectment, an erroneous instruction, that it was not necessary for plaintiff to show immediate right to possession when the action was begun, is harmless, where the evidence showed that he was entitled to possession at that time.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Appeal from Trial Term, Genessee County.

Action by John C. Pratt, as trustee, against William E. Prentice. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Affirmed.

See, also, 158 App. Div. 950, 143 N. Y. Supp. 1139.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Wm. E. Prentice, of Batavia, in pro. per.

James L. Kelley, of Batavia (George W. Watson, of Batavia, of counsel), for respondent.

PER CURIAM. We deem it sufficient to state our conclusions upon the questions discussed, which require, as we think, an affirmance of the judgment.

[1] 1. If it be assumed that Mrs. Stafford was bound under her contract with defendant to give defendant an option for two weeks to purchase the premises at $6,400, and because she did not do so plaintiff was bound to show himself a purchaser for value without notice of defendant's right to purchase by the terms of his lease, then we think the question of fact as to whether plaintiff was such purchaser for value without notice was properly left to the jury, and that we should not disturb their verdict upon that question as against the weight of the evidence or contrary to law. The jury could find plaintiff to be a bona fide purchaser, although he failed to inquire of defendant, who was in possession, as to the nature and extent of his claims. Williamson v. Brown, 15 N. Y. 354; Cook v. Travis, 20 N. Y. 400; Shneider v. Mahl, 84 App. Div. 1, 82 N. Y. Supp. 27; 2 Pomeroy's Eq. Jur. (3d Ed.) § 616. But we are of opinion that Mrs. Stafford was not required by her contract with defendant to offer him the property at $6,400. Through her agent, Smith, she had received a bona fide offer of $8,000 from the plaintiff, and her contract did not require her to permit defendant to purchase the property for less than that sum. Having offered the property to defendant for $8,000, and he having refused to purchase at that price, we think Mrs. Stafford had fully complied with the terms of her contract with defendant, and that defendant's right to purchase at any price had ceased at the time of the sale to plaintiff, and by the terms of the lease under which defendant was in possession, he was bound to vacate the premises within a reasonable time after the premises were conveyed to plaintiff, and we think a reasonable time elapsed after the sale and before this action was begun and that when this action was begun plaintiff was entitled to possession.

[2, 3] 2. Defendant is not entitled to have determined in this action the right of possession, if any, which his wife has under her contract with Mrs. Stafford, if the same is still in force, because his wife is not a party to this action, and because defendant is estopped by the lease under which he occupied the premises from questioning his landlord's title or claiming another or different right of possession.

[4] 3. We think the legal effect of the deed to plaintiff "as trustee" was to vest the title in him, in the absence of other evidence than the deed itself. Pfeiffer v. Rheinfrank, 2 App. Div. 574, 37 N. Y. Supp.

1076; Kanenbley v. Volkenberg, 70 App. Div. 97, 75 N. Y. Supp. 8; Werner v. Wheeler, 142 App. Div. 358, 127 N. Y. Supp. 158; Title Guarantee & Trust Co. v. Fallon, 101 App. Div. 187, 91 N. Y. Supp. 497.

[5] 4. We find no error in the rulings of the trial court which require a reversal of the judgment. While it was error to charge the jury, in effect, that it was not necessary for the plaintiff to show a right to immediate possession at the time the action was begun, if such right of possession accrued before the trial, still this error was harmless, inasmuch as we think the plaintiff did show, as already pointed out, a right to possession before the commencement of the action.

The judgment and order denying defendant's motion to set aside the verdict and for a new trial must be affirmed, with costs.