■ Napolean Beaudin, Appellant, v Aetna Casualty and Surety Company et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered November 23, 1976 in Franklin County, which granted a motion by defendants for summary judgment, and from the judgment entered thereon. On September 8, 1975, plaintiff, an excavation contractor, commenced the instant action against defendants for a judgment declaring that defendants are obligated to defend him in a pending action brought against him by George J. and Bernice C. Milljour and must indemnify him for any adverse judgment in said action. Based upon allegations that in September of 1974 plaintiff negligently undertook to excavate a

hole under the Milljour's house resulting in the house falling into the hole, the Milljour suit seeks a money judgment of $20,000, and the same allegations are also made to support claims for breach of contract and for the return of consideration already paid for plaintiff's work, services and labor. When sued by the Milljours, plaintiff submitted the summons and complaint to defendants, who had previously issued to him a general liability insurance policy covering excavation hazards, but defendants disclaimed coverage under the policy. As a result, the present declaratory judgment action was instituted, and, upon defendants' cross motion for summary judgment and their submission of an amended answer, Special Term granted defendants summary judgment, declaring that they are not obligated to either defend or indemnify plaintiff in the Milljour action. This appeal ensued. The sole question presented for our review is whether or not the grant of summary judgment to defendants was proper, and we hold that it was not. As it has long been recognized, summary judgment is a drastic remedy (Andre v Pomeroy, 35 NY2d 361), and it should be granted only where there is no significant doubt whether there is a material triable issue of fact (Phillips v Kantor & Co., 31 NY2d 307). Moreover, relative to liability insurance policies, it is likewise clear that "An insurer's obligation to defend is broader than its obligation to pay" (Sturges Mfg. Co. v Utica Mut. Ins. Co., 37 NY2d 69, 72), and, even though a claim be predicated on a debatable or untenable theory, if it "may rationally be said to fall within policy coverage * * * there is no doubt that [the insurer] is obligated to defend" (Schwamb v Fireman's Ins. Co. of Newark, N. J., 41 NY2d 947, 949). Applying these settled legal principles to the case at hand, we find that the record does not so conclusively support defendants' disclaimer of coverage as to warrant the grant of summary judgment. The precise boundaries of plaintiff's coverage under the policy in question remain nebulous, and one specific area in need of further development in this regard is the coverage designated by class code P 15111. What this coverage entails is not adequately established, and, even accepting defendants' attorney's statement that it relates only to completed operations, a question of fact still remains as to whether the Milljour action would be covered under the policy as a completed operations hazard. Such being the case, summary judgment should be denied to all of the parties (Phillips v Kantor & Co., supra). Order and judgment reversed, on the law, motion denied, and matter remitted to Special Term for further proceedings not inconsistent herewith, with costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.