■ BARBARA E. NACCARATO et al., Appellants, v DONALD VAN BUREN, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered October 26, 1977 in Ulster County, which denied plaintiffs' motion for summary judgment and granted defendant's cross motion for summary judgment. On December 6, 1976, defendant, Donald Van Buren, contracted with one Sylvanus Zoda to purchase a bar and restaurant owned by Zoda and leased to plaintiffs in Port Ewen, New York. Thereafter, on February 1, 1977, Zoda conveyed the premises to the defendant who was later notified by plaintiffs on March 11, 1977 that they were exercising their option to purchase the premises as set forth in their lease agreement. When defendant refused to honor the option and convey the premises to plaintiffs, plaintiffs commenced the instant action for specific performance. Finding that plaintiffs' option under the lease agreement had been vacated by their failure to comply with the terms of an earlier exercise of this option by them on December 28, 1976, Special Term granted defendant's cross motion for summary judgment wherein plaintiffs were directed to surrender possession of the premises to defendant. The present appeal ensued. We hold that the order appealed from must be reversed because genuine factual issues mandating a trial are presented in this case. An examination of the record reveals that in October of 1976 Zoda offered plaintiffs a second option to purchase the premises upon terms different from those contained in the option in their lease. As a result, a factual question is presented as to which option was exercised by plaintiffs through the letter of plaintiff Naccarato to Zoda on December 28, 1976. Furthermore, assuming that this second option was the one so exercised, it would then have to be resolved whether or not defendant Van Buren, who apparently had no knowledge of the second option, was a bona fide purchaser of the property whose purchase thereof would consequently not be subject to the option in plaintiffs' lease. Under these circumstances, it was clearly an improvident exercise of the court's discretion to grant defendant summary judgment. This remedy is "drastic" and to be employed only "when there is no doubt as to the absence of triable issues" *(Andre v Pomeroy,* 35 NY2d 361, 364; *Beaudin v Aetna Cas. & Sur. Co.,* 60 AD2d 956). Order modified, on the law, by denying defendant's cross motion, and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.

■ RAYMOND F. SCOTT, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 27, 1977 in Schuyler County, which granted plaintiff's motion to compel certain documents to be produced and denied the defendant's motion directing withdrawal and substitution of counsel for the plaintiff. Order affirmed, with costs, on the opinion of Yesawich, Jr., J., at Special Term. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.