■ TRAVELERS INSURANCE COMPANY, Appellant, v DONALD KOWNACK et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered January 24, 1979 in Albany County which denied plaintiff's motion for summary judgment. In this action for declaratory judgment pursuant to CPLR 3001, plaintiff moved at Special Term for summary judgment declaring that, under the terms of a homeowners' insurance policy which it had issued to defendants, it was not required to defend against or pay a claim for property damage which had been asserted against defendants by one Alice Mothon. The underlying Mothon claim is grounded upon injuries allegedly sustained by Mothon's quarter horse, "Halfmoon", on premises owned by defendants and leased to John Blair and Tracy Blair for their use in the boarding and training of horses, and the complaint in the Mothon action alleges merely that the horse's injuries arose out of the negligence of the instant defendants and the Blairs. Disclaiming any and all responsibility relative to the Mothon claim, plaintiff contends that defendants' homeowners' policy is inapplicable thereto because it expressly excludes from its coverage "property damage arising out of business pursuits of an insured except activities therein which are ordinarily incident to non-business pursuits". At Special Term, the court found that unresolved factual issues were presented and, accordingly, it denied plaintiff's motion for summary judgment. This appeal followed. We hold that Special Term's order should be affirmed. It is well settled that the drastic remedy of summary judgment should not be employed unless the absence of a material triable issue of fact can be established beyond any significant doubt (*Andre v Pomeroy*, 35 NY2d 361; *Beaudin v Aetna Cas. & Sur. Co.*, 60 AD2d 956), and such is not the case here. As indicated above, no details as to the nature of defendants' allegedly negligent acts are set forth in the complaint in the Mothon action, and this circumstance clearly creates a factual issue in the instant action as to whether or not the acts in question come within the cited exclusion in defendants' policy so as to absolve plaintiff from responsibility relative to the Mothon claim. Additionally, the lease from defendants to the Blairs conferred upon the Blairs an option to purchase the premises involved here. Such being the case, even assuming that the Mothon claim arose out of the lease, a second triable issue is presented by defendants' contention that the lease was merely incidental to a nonbusiness pursuit, i.e., their attempts to sell the property, with the result that the subject policy exclusion would not deprive them of coverage from plaintiff in the negligence action. Under these circumstances, the presence of these triable issues plainly mandates that the order appealed from should not be disturbed. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.