■ In the Matter of the Estate of JOHN GAGLIARDI, Deceased. GIOVANNI GAGLIARDI et al., as Executors of JOHN GAGLIARDI, Deceased, Respondents-Appellants; GIGINO GAGLIARDI, Also Known as LUIGI GAGLIARDI, et al., Appellants-Respondents. — Cross appeals from a decree of the Surrogate's Court of Ulster County (Davis, Jr., S.), entered February 25, 1981, which, *inter alia,* adjudged that the decedent had acquired a one-half interest in certain real property and that said interest is part of his testamentary estate. In September, 1974, the decedent decided to purchase real property located at 42-44 Pine Grove Avenue, Kingston, New York, to provide housing for the family of his nephew, Gigino Gagliardi, whose arrival in this country the decedent had sponsored. At the initial meeting with the seller concerning the purchase, the decedent indicated that he intended to buy the property for Gigino and Maria Louijia Gagliardi, Gigino's wife. However, before this meeting concluded, the decedent changed his mind and requested that the property be deeded to him in trust for Gigino and Maria, as tenants by the entirety. Accordingly, upon payment of the purchase price of $30,000 by the decedent, the property was deeded to the decedent "in trust for Gigino and Maria Louijia Gagliardi, as tenants by the entirety". As soon as the deed was delivered, the decedent had Gigino and Maria sign a lease agreement which required them to pay him $187.50 per month, an amount which represented the interest he otherwise would have earned on the $30,000 purchase price, and additionally required them to pay the taxes and utilities when due and to keep the property in good repair. Gigino and Maria continued in possession of the property and fulfilled the conditions of this agreement until the decedent died on September 4, 1979. Petitioners, as executors of the decedent's estate, petitioned the Surrogate's Court for leave to sell the premises, inasmuch as decedent's debts exceeded his assets. Respondents objected to the granting of such relief and requested a determination that the title to the property be decreed to be vested in them. Petitioners moved for summary judgment. Surrogate's Court denied this motion, dismissed the answer and objections and the request for relief of Gigino and Maria, and decreed that the decedent retained from the deed of the premises a one-half interest therein at the time of his death, as a tenant in common with Gigino and Maria, who also received by the deed a one-half interest as tenants by the entirety. The rent was directed to be paid to decedent's estate for as long as Gigino and Maria resided in the premises. This determination was reached by considering the words "in trust for" contained in the deed as surplusage, leaving as grantees the decedent and Gigino and Maria, his wife, as tenants by the entirety. By doing so, the Surrogate placed an interpretation on the instrument contrary to the intent and the acts of decedent himself. The only conveyance that could be considered to have been made herein was to the decedent himself, as trustee, and such conveyance vests him, and now his estate, with the title to the property. While it is true that a trust may be created in real property by the execution of a deed which not only states that the property is conveyed to the grantee as trustee but also sets forth the terms and conditions of the trust, such trust, without setting forth the terms thereof, passes the fee to the grantee as an individual (61 NY Jur, Trusts, § 82, pp 197, 198; 15 NY Jur, Deeds, § 35, p 88; see *Pratt v Prentice,* 166 App Div 906, 907, affd 221 NY 707). Furthermore, for lack of delivery of any indicia of ownership of the property by decedent to Gigino and Maria, there can be no valid gift of the property to them; and for lack of delivery of all interest and control of the trust *res* to Gigino and Maria, as well

as the absence of language so indicating in the deed, the conveyance cannot be considered a passive trust *(Matter of Baker,* 36 Misc 2d 426; *Matter of Lang,* 23 Misc 2d 328). Therefore, it must be concluded that the purported trust agreement created the relationship of landlord and tenant, as evidenced by the lease agreement decedent required Gigino and Maria to execute, and that such relationship having been created, the tenants are estopped from questioning the decedent landlord's title *(Metropolitan Fuel Distrs. v Coogan,* 277 App Div 138). This relationship of landlord and tenant between decedent and Gigino and Maria is the only possible conclusion where decedent retained the deed, paid for the property, and demanded and received a lease and the rent due thereon. If a trust could be considered to have been created by the language of the deed, the trust was at all times revocable since decedent retained control over the *res* during the life of the trust and the property still belongs to the decedent's estate *(Matter of Bishop v Chemical Bank N.Y. Trust Co.,* 38 Misc 2d 514). Respondents' reliance on EPTL 7-1.1 and 7-1.2 is misplaced, since these sections limit a trustee's rights of ownership to those situations where not only possession but all right to income is vested in the beneficiaries. Accordingly, insofar as the decree provides that decedent retained from the deed of the premises a one-half interest therein at the time of his death as a tenant in common with Gigino and Maria Louijia Gagliardi, it must be modified to provide that at the time of his death decedent was the sole owner of the subject property, and as such it passed to his estate. Decree modified, on the law, by deleting therefrom the first, fourth and sixth decretal paragraphs and by granting petitioners' motion for summary judgment and declaring that by deed dated October 1, 1974 decedent John Gagliardi acquired title to 42-44 Pine Grove Avenue, Kingston, New York, and that pursuant to the lease executed October 1, 1974 respondents Gigino and Maria Louijia Gagliardi became tenants, and, as so modified, affirmed, with costs to petitioners payable out of the estate. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.