■ CONTINENTAL INSURANCE COMPANY, Appellant, v LOUIS J. COLANGIONE et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered October 29, 1980 in Rensselaer County, which granted defendants' motion for partial summary judgment, (2) from the judgment entered thereon, and (3) from an order of said court, entered November 14, 1980 in Rensselaer County, which denied reargument. Seeking specific performance of that portion of certain indemnification agreements requiring defendants, as indemnitors, to post collateral as security in the event liability should be established against plaintiff Continental Insurance Company (Continental) under a payment and performance bond it had issued, Continental commenced the instant action in November of 1977. In response, defendants denied Continental's allegations and interposed counterclaims wherein they sought a judgment declaring, *inter alia,* that pursuant to a general liability insurance policy issued by Continental in 1970, Continental owed defendants a defense to third- and fourth-party actions commenced against them in Onondaga County arising out of a construction project at Syracuse University. Ultimately, Special Term granted Continental summary judgment on its claim and severed defendants' counterclaims, and thereafter, on March 14, 1980, defendants moved for partial summary judgment with respect to the defense allegedly owed them by Continental in the Onondaga County actions. However, when the third-party action was later settled and discontinued and the fourth-party action was discontinued against the corporate defendants on April 1, 1980, only the fourth-party action against the individual defendants remained. Regarding this latter action, Special Term granted defendants partial summary judgment directing Continental to defend them therein and reimburse them for legal expenses already incurred in their defense to the action. Continental now appeals. We hold that the grant of partial summary judgment was improvident and should be reversed. It has long been well settled that summary judgment is a drastic remedy which should be employed only when there is no doubt as to the absence of triable issues of fact (see *Andre v Pomeroy,* 35 NY2d 361; *Travelers Ins. Co. v Kownack,* 72 AD2d 881), and here a significant factual issue is presented as to whether or not the individual defendants are insured under the general liability insurance policy at issue. The named insured in the policy are Skyway Construction Co., Inc., Skyway Roofing Co., Inc., and Skyway All-Weather Crete Co., Inc., and, in pertinent part, the policy provides that those insured include the following: "if the named insured is designated in the declarations as other than an individual, partnership or joint venture, the organization so designated and any executive officer, director or stockholder thereof while acting within the scope of his duties as such." Without more, these policy provisions are obviously insufficient to support a summary judgment directing Continental to defend the individual defendants in the Onondaga County actions, and a further factual inquiry is clearly necessary to establish whether or not these individuals are insured and, therefore, entitled to a defense from Continental under the general liability policy. In so ruling, we would also note that the statement in a decision of Special Term to the effect that the subject policy may cover the individual defendants for any judgments rendered against them in the Onondaga County actions certainly does not settle the question of whether or not the individuals are insured under the policy.

Similarly, cases such as *International Paper Co. v Continental Cas. Co.* (35 NY2d 322) relate to an "insured's right to be accorded legal representation" and do not require a contrary result in this instance when it has not been established that the individual defendants are insured under the policy. Order and judgment reversed, on the law, without costs, and motion by defendants denied. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.