■ ALLRIGHT NEW YORK PARKING, INC., Respondent-Appellant, v F. RITTER SHUMWAY et al., Appellants-Respondents. — Order unanimously affirmed, without costs. Memorandum: The complaint seeks damages for alleged breach of an obligation in a written lease entered into between defendant Shumway, as landlord, and plaintiff as tenant. The lease demised a certain parking lot in the City of Rochester for a term of five years commencing October 1, 1973 and ending September 30, 1978, at a rental of $5,000 per month. At the expiration of the term, the lease was extended to October 31, 1979, and thereafter

plaintiff held over and occupied the premises on a month-to-month basis at the same rental. Paragraph 13 of the lease provides: "In recognition of Lessee's part in building a parking business at such location, Lessor agrees that if Lessor is willing to again let these premises for parking after the expiration of this tenancy, and this Lessee is not in default, Lessor will not during this Lessee's occupancy or within thirty (30) days after this Lessee's occupancy terminates let such premises permitting operation of a parking lot thereon until this Lessee had been given three (3) day's refusal of a lease upon said premises upon like terms." In July, 1980 defendants received an offer from Flightime Parking, Inc. (Flightime) to rent the premises for a term of five years at a rental of $6,000 per month. On July 31, 1980 defendants notified plaintiff that the month-to-month tenancy would be terminated, that plaintiff should vacate the premises and that defendants would take possession on September 1, 1980. In August, 1980 defendants informed plaintiff that plaintiff could rent the premises upon the same terms as offered by Flightime except that the lease would be for three years, a term which defendants represented was acceptable to Flightime. Plaintiff declined the offer. In a letter to defendants dated August 28, 1980, plaintiff asserted its continuing right of first refusal and further stated that if defendants would withdraw the notice to vacate, plaintiff would remain in possession on a month-to-month basis but at a rental of $4,000 per month. Plaintiff vacated the premises on August 31, 1980. On September 1, 1980, G. Thomas Slattery, Inc., doing business as Public Parking Company (Public Parking), took occupancy of the premises under a month-to-month tenancy at a monthly rental of $5,000. It is undisputed that defendants did not extend to plaintiff an opportunity to rent the premises upon the same terms of those governing Public Parking's tenancy and it is on that basis that plaintiff brings this action. The order, from which both parties appeal, denied defendants' motions to dismiss for failure of the complaint to state a cause of action and for summary judgment dismissing the complaint; it also denied plaintiff's motion for partial summary judgment on the issue of liability. We affirm. Initially, we find no merit in defendants' argument that plaintiff, in its letter of August 28, 1980, waived its right of first refusal. Indeed, the letter asserts plaintiff's continuing claim to the right. Defendants' contention that plaintiff's right of first refusal expired upon expiration of the extended term of the original lease is also without merit. Where the terms of a written agreement are clear and unambiguous, the intent of the parties must be drawn from the contract language (*Zion v Kurtz,* 50 NY2d 92, 105; *Havel v Kelsey-Hayes Co.,* 83 AD2d 380, 382). The clear import of paragraph 13 of the lease is that the pre-emptive right granted to plaintiff was to continue through the period of plaintiff's occupancy and 30 days thereafter. Rejection by plaintiff, however, of an offer to rent the premises upon like conditions as those of a bona fide offer made by a third party would satisfy, and thus terminate, plaintiff's right of first refusal (see *Pratt v Prentice,* 166 App Div 906, affd 221 NY 707; 33 NY Jur, Landlord and Tenant, § 201, pp 572-574). Whether Flightime's offer was bona fide, and whether Flightime agreed to occupy the premises under a lease for a three-year term are questions of fact which preclude granting summary judgment to plaintiff or defendants (see *Naccarato v Van Buren,* 65 AD2d 900). (Appeals from order of Supreme Court, Monroe County, Tillman, J. — dismiss complaint — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.