■ CONTINENTAL INSURANCE COMPANY, Appellant, v LOUIS J. COLANGIONE et al., Respondents, et al., Defendants. — Appeals (1) from an order of the Supreme Court at Special Term (Pitt, J.), entered November 15, 1982 in Rensselaer County, which denied plaintiff's motion for summary judgment and partially quashed a subpoena duces tecum, and (2) from an order of said court, entered December 14, 1982 in Rensselaer County, which granted defendants' motion for reargument and vacated certain aspects of the prior order partially quashing the subpoena duces tecum. In March, 1966, three corporations (Skyway companies) owned by the individual defendants Colangione obtained a roofing subcontract for a construction project at Syracuse University from the general contractor, Vincent J. Smith, Inc. (Smith). The subcontract was conditioned upon the Skyway companies' obtaining payment and performance bonds. Plaintiff Continental Insurance Company's (Continental's) predecessor in interest issued the bonds, after, in turn, exacting an indemnity contract from the Skyway companies and the four individual defendants. In 1970, after the project was completed, the Skyway companies obtained a general liability insurance policy from Continental, which included completed operations and contractual liability coverage. In May, 1974, the New York State Dormitory Authority and Syracuse University sued Smith and the architects on the project in Onondaga County Supreme Court for breach of contract, breach of warranty and negligence because of damage to the Syracuse University project buildings from water leakages. Smith brought a third-party action against Skyway for breach of contract, breach of warranty and negligence, and against Continental on the performance bond. Continental then brought fourth-party actions against the corporate and individual defendants on the indemnity contract. (These actions are hereinafter referred to as the Onondaga litigation, or the Onondaga third- and fourth-party actions.) Three years later, in 1977, Continental posted a reserve on the performance bond in the third-party action and requested defendants to put up collateral security, as required by the indemnity contract. When defendants declined to do so, Continental instituted this action against them in Rensselaer County Supreme Court for specific performance of their obligation under the indemnity contract to post collateral security. Defendants pleaded in defense that this obligation was covered by the 1970 general liability policy, and counterclaimed (1) for their $50,000 defense costs in the Onondaga third- and fourth-party actions, and (2) for a declaratory judgment that Continental was obligated under the general liability policy to defend and insure defendants in the Onondaga County action. In 1978, Continental brought a motion for summary judgment for defendants to post the collateral security, which was granted by Justice Harold J. Hughes in a decision which held that the duty to post collateral under the indemnity agreement was separate and independent from any duty to insure under the general liability policy. No appeal was taken from that judgment. On March 14, 1980, defendants brought a summary judgment motion before Justice Lawrence E. Kahn for a determination of their

counterclaim that under the general liability insurance policy Continental was obligated to defend defendants in the Onondaga County action. Just a few days later, portions of the Onondaga County action were settled for a total amount of $400,000. Continental paid $100,000 on the surety bond in settlement of the third-party actions, and stipulated to a discontinuance of its fourth-party action against the Skyway companies. Continental's fourth-party action against the individual defendants was not settled, however, and in the subsequent trial of this action, the individual defendants were found to be liable to Continental on the indemnity contract.[1] Thereafter, defendants' summary judgment motion in Rensselaer County (that Continental was obligated to defend them in the Onondaga action under the liability policy) was granted by Justice Kahn, but was reversed on appeal to this court on the ground that a question of fact existed as to whether the individual defendants were "insureds" under the terms of the general liability insurance policy (*Continental Ins. Co. v Colangione*, 86 AD2d 685). Finally, in October, 1982, Continental brought the instant motion in the Rensselaer County action before Justice De Forest C. Pitt for summary judgment dismissing defendants' counterclaims and for an order quashing a subpoena duces tecum. Special Term denied the motion for summary judgment, on the basis that there were triable questions of fact, and granted the requested motion to quash as to certain items. Defendants then moved to reargue and vacate a portion of the order which partially quashed the subpoena duces tecum. Reargument was granted, and certain portions of the prior order to quash were vacated. Continental appeals from the denial of summary judgment and from the modification of the prior order quashing portions of the subpoena duces tecum. On Continental's appeal from denial of its motion for summary judgment dismissing defendants' counterclaims, the issues presented are: (1) whether outstanding questions of fact exist as to Continental's obligation under the liability policy to defend and insure defendants against the Onondaga third- and fourth-party claims; and (2) irrespective of any such coverage, whether the final results of the Onondaga litigation conclusively foreclose any claim by defendants arising out of Continental's failure to defend and insure in the Onondaga litigation. Our reading of the liability provisions defining the scope of both the policy's coverage for completed operations liability and for contractual liability leads us to conclude that, as a matter of law, there was no duty on the part of Continental to defend or insure its own claim against Skyway and the Colangiones for indemnity in the Onondaga fourth-party action. The key language in the policy defining Continental's duty as insurer under both forms of coverage is that it "will pay on behalf of the insured all sums which the insured * * * shall become legally obligated to pay *as damages because of* bodily injury or *property damage* * * * caused by an occurrence, and the company shall have the right and duty to defend any suit against the insured *seeking damages on account of such* bodily injury or *property damage*" (emphasis added). In its Onondaga fourth-party action, Continental sued to enforce payment of a contract debt (indemnification) arising out of its contractual obligation as surety under the performance bond. Continental's suit against defendants in the fourth-party action was, thus, not one "seeking damages on account of * * * bodily injury or property damage"; and the judgment rendered against defendants in the fourth-party action was not pursuant to any obligation on their part to pay damages for personal injury or property damage. Therefore, Special Term erred in not granting summary judgment dismissing so much of defendants' counterclaims as was based upon Continental's duty to

1. This determination was affirmed by the Appellate Division, Fourth Department, and the Court of Appeals denied a motion for leave to appeal.

defend and insure defendants against their liability in the Onondaga fourth-party action. Despite defendants' contrary contention, the foregoing determination that summary judgment should be granted against that portion of their counterclaims is not inconsistent with our decision in the earlier appeal that an issue of fact was presented as to whether the Colangiones were "insureds" as defined in the general liability policy (*Continental Ins. Co. v Colangione*, 86 AD2d 685, *supra*). Unresolved on the earlier appeal was the issue, now before us, regarding the scope of the coverage, and which we herein conclude does not extend to the Onondaga fourth-party action, irrespective of whether the Colangiones were insureds under the policy. Defendants' counterclaims also seek a determination with respect to Continental's duty to defend and insure the claims of Smith against Skyway in the Onondaga third-party action. In that action, Smith sued for damages in negligence, warranty and breach of contract, based upon physical damage to the Syracuse dormitory project allegedly caused by Skyway's acts and omissions during construction. Here, Smith alleged at least in part that Skyway was "legally obligated" to pay "damages because of * * * property damage". Hence the language of the policy does not exclude possible coverage of the claim for damages in Smith's third-party action against Skyway. Continental's other arguments based upon the terms and limits of the liability policy do not require extended discussion. Since the damage to the property alleged in the Onondaga third-party action may well have occurred after issuance of the policy in 1970, defendants may be able to establish at trial that there was an "occurrence" within the limits of the policy, regardless of whether Skyway's acts or omissions took place prior to the policy's effective date (see *Marine Midland Servs. Corp. v Kosoff & Sons*, 60 AD2d 767, 768-769). Nor can it be concluded at this juncture that the property damage alleged in Smith's third-party action falls within the policy exclusion of damage to work performed by the insured (*id.* at p 768).[2] Thus, there are open factual questions, the resolution of which in favor of defendants at a trial could sustain their claim that Continental had a duty under the liability policy to defend and insure against their liability in the Onondaga third-party action. The main thrust of Continental's appeal, however, is that defendants are conclusively precluded from asserting that claim, either by reason of the terms of the final settlement of the Onondaga primary and third-party actions in which Continental paid in $100,000 in satisfaction of its and Skyway's liability on the performance bond and Skyway was given a general release, or because Continental was awarded judgment against the Colangiones in the Onondaga fourth-party action. Continental reasons that since neither Skyway nor the Colangiones were held liable in or required to contribute to the settlement of the third-party action, neither of them was damaged by any alleged failure on the part of Continental to defend and insure them against liability in that action. This argument, while superficially appealing, does not withstand critical analysis in which Continental's role as surety must be separated from its role as a possible insurer of Skyway in the Onondaga third-party action. In that action, as between Continental as surety and Skyway as primary obligor on the performance bond, Skyway was primarily liable (57 NY Jur, Suretyship and Guaranty, § 11, p 199). On the other hand, if there was coverage under the liability policy for the claims against Skyway in the Onondaga third-party action, Skyway could have claimed over to compel Continental, as insurer, to defend and insure against its primary liability (cf. *Marine Midland Servs. Corp. v Kosoff & Sons*, 60 AD2d 767, *supra*). It was only because Continental's

2. We, therefore, need not reach the issue as to whether Continental waived any defense based upon this exclusionary clause by failing affirmatively to plead it as a defense (*Green Bus Lines v Consolidated Mut. Ins. Co.*, 74 AD2d 136, 142-143, mot for lv to app den 52 NY2d 701).

payment in settlement of the Onondaga third-party action was made in its role as surety on the performance bond, rather than as insurer under the policy, that the Colangiones became liable to Continental under the indemnification agreement. Thus, if there was coverage and the coverage extended to the Colangiones, they did indeed suffer damages by reason of Continental's wrongful refusal to defend and insure Skyway in the Onondaga third-party action. Continental argues alternatively that the judgment which it obtained against Skyway and the Colangiones in the Onondaga fourth-party action is *res judicata* as to any liability it might have for failing to defend and insure them in the Onondaga third-party action. In deciding the fourth-party action in favor of Continental, Justice McLaughlin held that Continental had made a good-faith settlement of its and Skyway's liability under the performance bond and that, therefore, Skyway and the Colangiones were liable under the idemnity agreement. Continental, citing *Schuylkill Fuel Corp. v Nieberg Realty Corp.* (250 NY 304, 307), contends that *res judicata* applies because any determination that it was required to insure Skyway and the Colangiones against liability in the Onondaga third-party action would inevitably destroy or impair its adjudicated rights to settle the third-party action and recover over against those defendants in the fourth-party action under the indemnity agreement. Again, Continental confuses its dual roles in the Onondaga litigation. Regardless of its duty to defendants as insurer, Continental as surety owed a separate and independently enforceable duty to Smith under the performance bond. When it paid on the bond, its right to indemnity under the agreement with defendants was also independent of any duty owed them as insurer under the liability policy. The operative facts giving rise to the liability of Continental as surety and of the liability of defendants as indemnitors are distinctly different from any liability of Continental to defend and insure under the policy. The actions involve different rights and interests, and the parties appear in significantly different capacities in the two actions. Therefore *res judicata* does not apply (*Studley, Inc. v Lefrak,* 66 AD2d 208, 217, affd 48 NY2d 954). Additionally persuasive that neither *res judicata* nor collateral estoppel (issue preclusion) bars defendants' claim herein based upon the liability policy is the fact that Continental opposed defendants' motion to consolidate for trial the fourth-party action and the instant action and that the court in the trial of the fourth-party action expressly excluded all consideration of Continental's alleged duty to defend and insure under the liability policy (see *Stoner v Culligan, Inc.,* 32 AD2d 170, 173-174). For all of the foregoing reasons, Special Term was correct in determining that there were unresolved issues of fact concerning defendants' claim that Continental had a duty to defendant and insure them against liability in the Onondaga third-party action. Finally, for the reasons stated in Justice Pitt's decision of December 6, 1982, the order entered December 14, 1982, which granted defendants' motion for reargument and modified the prior order quashing portions of the subpoena duces tecum, should be affirmed. Order, entered November 15, 1982, modified, on the law, by granting plaintiff's motion for summary judgment dismissing the portions of defendants' counterclaims alleging that plaintiff had a duty to defend and insure defendants against liability in the fourth-party action between plaintiff and defendants in the Supreme Court of Onondaga County, and, as so modified, affirmed, without costs. Order, entered December 14, 1982, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.