■ In the Matter of the VILLAGE OF JORDAN, Appellant, v MEMPHIS CONSTRUCTION COMPANY, INC., Respondent. — Order unanimously affirmed, with costs. Memorandum: Petitioner village appeals from an order denying its application for a stay of arbitration *(see,* CPLR 7503 [b]). Petitioner argues that no valid agreement to arbitrate was made and that respondent's claim is barred by the applicable Statute of Limitations (CPLR 9802; *see,* CPLR 7502 [b]). Neither argument has merit.

On September 1, 1982, the parties entered into a contract under which respondent agreed to construct a sewage collection system for petitioner. The contract contained provisions establishing the rights and responsibilities of the parties in the event

that unforeseen subsurface conditions were encountered during construction. Respondent seeks payment for extra work performed as a result of underground rock formation and water which it claims were unforeseen at the time the contract was made. The request for additional payment was rejected by petitioner on November 22, 1983. A verified claim was filed on February 6, 1984 and respondent demanded arbitration on April 11, 1984.

While section 7 of the supplemental general conditions of the contract permits arbitration of disputes upon mutual agreement of the parties, that section only applies if the contract does not otherwise provide. Section 30.1 of the general conditions of the contract requires that all claims or disputes arising out of the contract "shall be decided by arbitration" and further provides that the "agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law". Applying basic rules of contract construction (*see, Zion v Kurtz,* 50 NY2d 92, 105; *Breed v Insurance Co.,* 46 NY2d 351, 355; *Allright N. Y. Parking v Shumway,* 94 AD2d 962, 963), we conclude that the parties unambiguously agreed to arbitrate this dispute.

We also reject petitioner's argument that the verified claim was not timely filed and that the Statute of Limitations had run before respondent demanded arbitration. Under CPLR 9802, a verified claim must be filed with the village clerk within one year after accrual of the cause of action, and the action must be commenced within 18 months of such accrual.

A cause of action for breach of contract accrues upon the breach (*Medical Facilities v Pryke,* 62 NY2d 716). A breach of this contract could not have occurred until petitioner refused to make the additional payment (*see, City of New York v State of New York,* 40 NY2d 659, 668). Here, petitioner neither actually nor constructively refused payment until November 22, 1983, and it was only then that respondent's cause of action accrued (*Memphis Constr. v Village of Moravia,* 59 AD2d 646). Even if we were to view the contract engineer's letters of May 24, 1983 or June 16, 1983 as constructive rejections of respondent's claim, it would be of no avail to petitioner. It would still follow that both the verified claim and the demand for arbitration were timely. (Appeal from order of Supreme Court, Onondaga County, Balio, J. — stay arbitration.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.