■ BEST METROPOLITAN TOWEL & LINEN SUPPLY CO., INC., Respondent, v A & P COAT, APRON & LINEN SUPPLY, INC., Also Known as UNITEX TEXTILE RENTAL SERVICES, et al., Appellants.—In an action, *inter alia,* for a permanent injunction and damages based on an alleged breach of a nonsolicitation clause in a contract between the plaintiff and the defendant Slotnick, the defendants appeal, as limited by their brief, from

so much of an order of the Supreme Court, Kings County (Cohen, J.), dated June 7, 1988, as granted the plaintiff's motion for a preliminary injunction to the extent of enjoining the defendants from (1) disclosing or using any confidential business information, including the plaintiff's customers' names, addresses and requirements, acquired during the defendant Slotnick's former employment with the plaintiff, and (2) contacting or otherwise doing business, or attempting to do so, with customers of the plaintiff during Slotnick's former employment through the use of any confidential business information acquired during Slotnick's former employment with the plaintiff, and fixed the plaintiff's undertaking at $5,000.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for a preliminary injunction is denied in all respects.

The plaintiff is engaged in the business of providing linen cleaning, laundering and delivery services to customers in the New York metropolitan area. The defendant Slotnick was employed by the plaintiff from July 1984 through October 1985 as a salesman. While employed, Slotnick entered into an employment agreement which contained the following covenants:

"(a) *That he will not* during his employment or after the end thereof, irrespective of the time, manner or cause of its termination, *directly or indirectly, disclose to any person, firm or corporation, the name, address or requirements of any customers* of the Company or any of its branches, and that he will not divulge any other information that he has acquired or that he shall have acquired during his period of employment. * * *

"(c) *That he will not for a period of three years after the end or termination of his employment, irrespective of the time, manner or cause of the said termination directly or indirectly, either as principal, agent, employee, employer, stockholder,* officer, director, co-partner, or in any other individual or representative capacity whatever, *solicit, serve or cater to, or engage, assist, be interested in or connected with any other person, firm or corporation soliciting, serving or catering to any of the customers served by him or by any other employee of the Company or any of its branches during his employment with the Company"* (emphasis supplied).

After leaving his position with the plaintiff on October 9, 1985, Slotnick was immediately hired as director of sales by the defendant A & P Coat, Apron & Linen Supply, Inc.

In May 1988 the plaintiff commenced this action, alleging, in pertinent part, that certain of its customers had been solicited by the defendants in violation of Slotnick's employment contract. Thereafter, the plaintiff moved for a preliminary injunction, *inter alia,* enjoining the defendants from disclosing or using the plaintiff's allegedly confidential business information, including customer lists, and from soliciting or otherwise doing business with any entity which was a customer of the plaintiff during Slotnick's former employment with the plaintiff. In the order appealed from, the plaintiff was granted a preliminary injunction.

Slotnick is no longer precluded from soliciting the plaintiff's customers since the term of the nonsolicitation clause in his contract expired in October 1988. Therefore, the issue before this court is whether in the absence of the restrictive covenant not to compete, the plaintiff is entitled to a preliminary injunction to protect against the use or disclosure of its customers' names, addresses and requirements. We find that the plaintiff is not entitled to this relief.

The plaintiff has not alleged the existence of a confidential customer list, nor has it demonstrated that Slotnick physically appropriated, copied or intentionally memorized any purported confidential business information *(see, Walter Karl, Inc. v Wood,* 137 AD2d 22, 27), or that the customers were not ascertainable through sources other than the plaintiff's records *(see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, *rearg denied* 40 NY2d 918; *Catalogue Serv. v Henry,* 107 AD2d 783). In any event, "an employee's recollection of information pertaining to specific needs and business habits of particular customers is not confidential" *(Walter Karl, Inc. v Wood, supra,* at 27). Additionally, it appears that the likely customers for the plaintiff's linen supply services, i.e., restaurants, are readily ascertainable from sources as available as a telephone book.

Therefore, "notwithstanding the plaintiff's assertion that the defendant[s] utilized trade secrets in the form of appropriating a[n allegedly] confidential customer list, injunctive relief is unwarranted unless circumstances are such that the customers cannot be ascertained by persons outside the plaintiff's business or are not generally known in the trade and are discoverable only via extraordinary efforts" *(Walter Karl, Inc. v Wood, supra,* at 28). Since these circumstances do not exist in this case, the plaintiff has not made the requisite evidentiary showing to justify the granting of a preliminary injunction.

In light of our determination, we need not reach the other issues raised by the defendants. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.