■ Fresh Pond Road Associates, Respondent, v TRW Title Insurance of New York, Inc., et al., Appellants.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered May 31, 1991, which denied defendants' motion for summary judgment to dismiss the complaint, unanimously affirmed, with costs.

The plaintiff, Fresh Pond, is seeking to collect damages under a policy of title insurance, having lost its battle to obtain title to the property in question when the Queens County Supreme Court cancelled plaintiff's deed to the property and awarded specific performance to an assignee of the right of first refusal under the commercial lease with the seller. The contract for title insurance purports to indemnify plaintiff against "all loss or damage not exceeding the amount of insurance stated * * * in addition [to] the costs and expenses of defending the title, estate or interest insured, which the insured shall sustain by reason of any defect or defects of title affecting the premises * * * or affecting the interest of the insured therein". The sample policy does not contain any

specific exclusions from coverage for rights of tenants or persons in possession or unrecorded leases, as would apply specifically to the facts of this case. Rather, defendants rely upon a more general exclusionary provision which purports to exclude from coverage any "[j]udgments against the insured or estates, interests, defects, objections, liens or incumbrances created, suffered, assumed or agreed to, by or with the privity of the insured."

In opposition to the motion for summary judgment, plaintiff produced a "marked" copy of a Certificate and Report of Title which purportedly was negotiated at the closing of title to plaintiff, and upon which appear handwritten notations indicating that the parties specifically intended to omit exclusions for the rights of tenants in possession and for unrecorded leases. In light of these facts, we agree with the motion court that there are issues of fact regarding the intended scope of coverage which preclude summary judgment.

Further, there are additional material issues of fact regarding the extent of defendants' knowledge of the Queens County actions and whether they were in fact provided an opportunity to defend those actions, and also with respect to plaintiff's actual knowledge of these proceedings at the time of closing. Accordingly, summary judgment was properly denied. Concur —Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.