■ In the Matter of MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Appellant, v KREISLER BORG FLORMAN GENERAL CONSTRUCTION CO., INC., Respondent. [762 NYS2d 420] —In a proceeding pursuant to CPLR article 75, inter alia, to stay arbitration, the petitioner appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered October 1, 2002, which denied the petition in its entirety and directed the parties to proceed to arbitration.

Ordered that the order is modified, on the law, by deleting therefrom the provisions denying so much of the petition as sought to stay arbitration of any claim in excess of $150,000 and directing the parties to proceed to arbitration on any claim in excess of $150,000, and substituting therefor provisions granting the petition to the extent of staying arbitration of any claim in excess of $150,000, and directing the parties to proceed to arbitration of all claims which are not in excess of $150,000; as so modified, the order is affirmed, without costs or disbursements.

The parties entered into a contract for the construction of an apartment building in Rye. Under the terms of the agreement, "[t]he Owner or the Construction Manager may, by written notice to the other, seek Arbitration of any claim, dispute or other matter arising out of or relating to this Agreement." However, the agreement further provided that "[d]isputes arising between the Owner and the Construction Manager, wherein the amount of each of the other party's claim does not exceed One Hundred Fifty Thousand Dollars ($150,000), shall be decided by arbitration." Upon completion of the project, the respondent construction company filed a demand for arbitration regarding claims which totalled in excess of $11,000,000. The petitioner filed a petition to stay the arbitration, which the Supreme Court denied, finding that the respondent's claims were covered by the agreement. We modify.

"[T]he rule is clear that unless the agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right to seek judicial relief and instead submit to arbitration" (*Bowmer v Bowmer,* 50 NY2d 288, 293-294 [1980]). The provision of the agreement which provided that the parties would submit "any claim" to arbitration was qualified by the later provision which limited arbitration to claims that do not exceed $150,000. Accordingly, the parties did not agree to arbitrate those individual claims which exceeded the $150,000 limit, and thus the Supreme Court erred to the extent that it denied the petition to stay arbitration of such claims. Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.