■ NACHMAN BRACH, Appellant, v ISHAK FRIED et al., Respondents, et al., Defendants. HAROLD M. HOFFMAN, Nonparty Respondent. [792 NYS2d 175]—

In an action, inter alia, to confirm an arbitration award, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated November 25, 2003, as upon his motion to direct the nonparty respondent, Harold M. Hoffman, to pay him the total sum of $400,000 held in escrow, with interest from January 10, 2001, directed the payment of the sum of only $325,000, and directed that the remaining moneys continue to be held in escrow, and granted the oral application of the nonparty respondent, Harold M. Hoffman, and the defendant-respondent Isaac Deutsch, to direct that the issue of the disposition of the remaining moneys contained in the escrow account be submitted to arbitration before the Rabbinical Court of Mechon L'Hoyroa of Monsey.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order that granted the oral application of the nonparty respondent, Harold M. Hoffman, and the defendant-respondent Isaac Deutsch, to direct that the issue of the disposition of the remaining moneys contained in the escrow account be submitted to arbitration before the Rabbinical Court of Mechon L'Hoyroa of Monsey is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof (1) denying that branch of the plaintiff's motion which was to direct the nonparty respondent, Harold M. Hoffman, to pay him the additional sum of $75,000 out of the total sum of $400,000 held in escrow, with interest on the total sum of $400,000 from January 10, 2001, and (2) granting the oral application to direct that the issue of the disposition of the remaining moneys contained in the escrow account be submitted to arbitration before the Rabbinical Court of Mechon L'Hoyroa of Monsey; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a new determination of that branch of the plaintiff's motion which was to direct the nonparty respondent, Harold M. Hoffman, to pay him the additional sum of $75,000 out of the total sum of $400,000 held in escrow, with interest on the total sum of $400,000 from January 10, 2001, taking into account that the plaintiff has already been awarded $325,000.

The order appealed from concerns a dispute among the plaintiff, the nonparty respondent, Harold M. Hoffman, and the defendant-respondent, Isaac Deutsch, regarding the disposition

of funds contained in an escrow account established in connection with a real estate transaction. The plaintiff holds a one-third interest in the corporation which sold the subject property, Deutsch is affiliated with the purchaser of that property, and Hoffman is the escrow agent as well as the attorney representing Deutsch. The Supreme Court, in effect, determined that the dispute between the plaintiff and the respondents was subject to arbitration pursuant to an agreement entered into on or about November 2, 2001, among the plaintiff and two members of his family, the defendants Ishak Fried and Zali Fried, to resolve a separate shareholder dispute involving the seller of the property. We modify on the ground that the instant dispute does not fall within the scope of the November 2, 2001, arbitration agreement (*see e.g. Sammarco v Pepsi-Cola Bottling Co. of N.Y.*, 1 AD3d 341 [2003]; *Miriam Osborn Mem. Home Assn. v Kreisler Borg Florman Gen. Constr. Co.*, 306 AD2d 533 [2003]).

Specifically, the plaintiff claims that, while this action was pending, Hoffman, as escrow agent, disbursed approximately $43,565 from the escrow account to pay for property-related expenses and the purchaser's continuing legal fees, allegedly in violation of prior attachment orders entered by the Supreme Court. This issue should have been determined by the Supreme Court. Thus, we remit the matter to the Supreme Court, Kings County, for a new determination of that branch of the plaintiff's motion which was to direct Hoffman to pay him the additional sum of $75,000 out of the total sum of $400,000 held in escrow, with interest on the total sum of $400,000 from January 10, 2001. Because the Supreme Court's order directed Hoffman to pay the plaintiff the sum of $325,000 from the escrow account, and because there is no cause to disturb that part of the Supreme Court's order, any new determination must take that payment into account. Schmidt, J.P., Krausman, Rivera and Fisher, JJ., concur.