NATURAL ORGANICS, INC., Appellant, v JAMES A. KIRKENDALL et al., Respondents. [860 NYS2d 142]—

In an action, inter alia, for injunctive relief and to recover damages for breach of a covenant not to compete, the plaintiff appeals (1) from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated July 2, 2007, as granted the defendants' motion for summary judgment dismissing the complaint, and (2) from so much of a judgment of the same court dated August 10, 2007, as, upon the order, is in favor of the defendants and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant James A. Kirkendall worked for the plaintiff

for approximately nine years selling vitamins and dietary supplements to specialized health food stores under the plaintiff's national brand name. When he was hired for the position, Kirkendall signed a nondisclosure and noncompetition agreement for employees (hereinafter the noncompete agreement), which prohibited employment with a competitor of the plaintiff for a period of 18 months from the date of termination of employment, and where the employee is a sales person, for an additional 18 months within 300 miles of the boundaries of his or her territory. Kirkendall resigned from his position with the plaintiff and began working for the defendant Reliance Vitamin Company, Inc. (hereinafter Reliance), which sold "private label" vitamins and dietary supplements to vitamin stores, health food stores, and others, who wanted to market the items to customers under their own name. The plaintiff commenced the instant action against Kirkendall and Reliance (hereinafter collectively the defendants) seeking, inter alia, injunctive relief and monetary damages for breach of the noncompete agreement.

In *BDO Seidman v Hirshberg* (93 NY2d 382, 388 [1999]), the Court of Appeals set forth the "modern, prevailing common-law standard of reasonableness" for the enforceability of employee noncompete agreements. "A restraint is reasonable only if it: (1) is no greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public" (*id.* at 388-389). A noncompete agreement must also be reasonably limited temporally and geographically (*id.*; *Elite Promotional Mktg., Inc. v Stumacher,* 8 AD3d 525, 526 [2004]).

Here, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the noncompete agreement does not serve to protect a legitimate employer interest. The evidence demonstrated that Kirkendall, after leaving the plaintiff's employ, did not physically appropriate, copy, or intentionally memorize any purported confidential business information (*see Best Metro. Towel & Linen Supply Co. v A & P Coat, Apron & Linen Supply,* 149 AD2d 642, 644 [1989]; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27 [1988]).

In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted evidence that Kirkendall was privy to reports containing detailed sales information concerning the plaintiff's customers, "an employee's recollection of information pertaining to specific needs and business habits of particular customers is not confidential" (*Walter Karl,*

*Inc. v Wood,* 137 AD2d at 27; *see Buhler v Maloney Consulting,* 299 AD2d 190, 191 [2002]; *Best Metro. Towel & Linen Supply Co. v A & P Coat, Apron & Linen Supply,* 149 AD2d at 644). Furthermore, the plaintiff failed to show that enforcement of the noncompete agreement was necessary to protect the goodwill of its clients, as that term is used in *BDO Seidman v Hirshberg* (93 NY2d 382 [1999]), or that Kirkendall used or threatened to use any protected trade lists or confidential customer lists (*see IVI Envtl. v McGovern,* 269 AD2d 497 [2000]).

Since there is no legitimate employer interest to protect, the noncompete agreement is unenforceable and the issue of partial enforcement does not arise (*see Buhler v Maloney Consulting,* 299 AD2d at 191; *cf. BDO Seidman v Hirshberg,* 93 NY2d at 394; *Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina,* 9 AD3d 805, 806-807 [2004]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.