■ GILMAN & CIOCIA, INC., Appellant, v THOMAS RANDELLO et al., Respondents. [866 NYS2d 334]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated June 11, 2007, as denied its motion for summary judgment on the issue of liability and granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Restrictive covenants contained in employment contracts are disfavored by the courts, and thus, are to be enforced only if reasonably limited temporally and geographically, and to the extent necessary to protect the employer's use of trade secrets or confidential customer information (*see BDO Seidman v Hirshberg,* 93 NY2d 382, 388-389 [1999]; *American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403 [1981]; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307 [1976]; *Express Shipping, Ltd. v Gold,* 33 AD3d 847 [2006]). Here, the defendants demonstrated that the noncompete provisions of the employment agreement were unduly broad and unnecessary to protect any legitimate business interest (*see BDO Seidman v Hirshberg,* 93 NY2d 382 [1999]; *Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina,* 9 AD3d 805, 807-808 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Starlight Limousine Serv. v Cucinella,* 275 AD2d 704, 705 [2000]).

There is no merit to the plaintiff's contention that the branch of its motion which was for summary judgment partially enforcing the subject agreement should have been granted. The plaintiff failed to demonstrate "the absence of overreaching, the coercive use of dominant bargaining power, or other anti-competitive misconduct" in connection with the agreement's execution (*BDO Seidman v Hirshberg,* 93 NY2d at 394; *see Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina,* 9 AD3d at 807). Thus, it failed to make a prima facie showing that it acted in good faith, in an effort to protect a legitimate business interest, "consistent with reasonable standards of fair dealing" (*BDO Seidman v Hirshberg,* 93 NY2d at 394).

The plaintiff's remaining contentions are without merit. Accordingly, the Supreme Court properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint and properly denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Miller, Angiolillo and Chambers, JJ., concur.