■ SAYFUR RAHMAN et al., Appellants, v SEUNG M. PARK, Also Known as JOSEPH PARK, Doing Business as AUTO SOLUTION, Respondent. [880 NYS2d 704]—

In an action to recover damages for, inter alia, breach of contract and conversion, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Rosengarten, J.), dated January 30, 2008, which denied their motion for the appointment of a temporary receiver and granted the defendant's cross motion, inter alia, to dismiss the action based upon an arbitration clause to the extent of staying the action pending arbitration and (2) an order of the same court dated February 28, 2008, which denied their motion, in effect, for summary judgment on the complaint.

Ordered that the order dated January 30, 2008, is modified, on the facts, by deleting the provision thereof granting the defendant's cross motion to the extent of staying the action pending arbitration, and substituting therefor a provision denying the defendant's cross motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated February 28, 2008, is affirmed, without costs or disbursements.

The defendant Seung Park, also known as Joseph Park, doing business as Auto Solution, had an interest in the plaintiff World Auto Sales, LLC (hereinafter World Auto), together with the nonparty Michael Oshry. Those individuals entered into an amended operating agreement, whereby it was recognized that Park had made a capital contribution so that the two individuals each had a 50% membership in World Auto. The amended operating agreement contains a provision requiring that any controversy, claim, or dispute arising out of or relating to the agreement be settled by arbitration.

The capital utilized to increase Park's membership share in World Auto was provided by the plaintiff Sayfur Rahman and a third party, Adil Khan. Park entered into a side agreement with Rahman and Khan on December 1, 2006, pursuant to which Rahman obtained one third of Park's interest, or 16²/₃% of the membership in World Auto. Although he was not a signatory to the operating agreement, Rahman agreed, in the side agreement, to be bound by the terms, conditions, and covenants of the operating agreement. The side agreement contains a confidentiality provision which allowed any party to object to the disclosure of the agreement. However, it was specifically provided that the confidentiality provision would not prevent enforcement of the side agreement in a court of competent jurisdiction. In the event such litigation ensued, the parties agreed to waive their right to a jury trial and to submit the side agreement to the court "in camera." The side agreement also contains the following provision: "In the event of any conflict in terms between this Agreement and the Operating Agreement of Company, this Agreement shall control."

The operating agreement and the side agreement clearly conflict as to the manner in which disputes under the respective agreements are to be determined. The operating agreement requires arbitration of disputes, while the side agreement contemplates judicial resolution of disputes by the court, with certain provisions of confidentiality.

"The construction and interpretation of an unambiguous written contract is an issue of law within the province of the

court" (*Franklin Apt. Assoc., Inc. v Westbrook Tenants Corp.*, 43 AD3d 860, 861 [2007]; *see Jackson & Wheeler, Inc. v Village of Pleasantville*, 56 AD3d 723, 724 [2008]; *Yu Han Young v Chiu,* 49 AD3d 535, 535-536 [2008]). "[A] written agreement that is . . . clear and unambiguous [as a matter of law] must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *Maroney v Hawkins*, 50 AD3d 862, 863 [2008]; *see Ross v Sherman*, 57 AD3d 758 [2008]).

The parties clearly agreed that in case of conflict the provision of the side agreement controlled. Rahman did not agree to arbitrate issues arising under the side agreement as opposed to the operating agreement. A party cannot be required to submit to arbitration issues it did not agree to arbitrate (*see Credit Suisse First Boston Corp. v Cooke*, 284 AD2d 365 [2001]; *Matter of American Centennial Ins. Co. v Williams*, 233 AD2d 320 [1996]; *see also Brach v Fried*, 16 AD3d 533 [2005]; *Matter of Miriam Osborn Mem. Home Assn. v Kreisler Borg Florman Gen. Constr. Co.*, 306 AD2d 533 [2003]). To the extent the present action seeks to enforce Rahman's rights under the side agreement, it is not subject to the mandatory arbitration provision of the operating agreement.

The Supreme Court correctly determined that Rahman failed to demonstrate the necessity of appointing a temporary receiver (*see* CPLR 6401 [a]; *Matter of Hessert v Brooklyn Home Dialysis Training Ctr.*, 231 AD2d 719, 720 [1996]) and properly denied Rahman's motion, in effect, for summary judgment on the complaint as premature (*see City of Rochester v Chiarella*, 65 NY2d 92 [1985]; *Enriquez v Home Lawn Care & Landscaping, Inc.*, 49 AD3d 496 [2008]; *Ronald Shapss Corporate Servs. v Fidelity Holdings*, 281 AD2d 529 [2001]).

In light of the foregoing, we need not address Park's remaining contentions. Skelos, J.P., Dillon, Angiolillo and Eng, JJ., concur.