F&T MANAGEMENT & PARKING CORP., Appellant, v FLUSH-ING PLUMBING SUPPLY CO., INC., et al., Respondents, et al., Defendants. [893 NYS2d 66]—

On June 17, 2005 the plaintiff and the defendants Flushing Plumbing Supply Co. (hereinafter Flushing Plumbing Supply), Paul Brown Properties, Ltd. (hereinafter Paul Brown Properties), 37-25, LLC (hereinafter 37-25), and Chien Yang Development Group, Inc. (hereinafter CYD), entered into a so-ordered

stipulation that settled a prior action (hereinafter the stipulation of settlement). Pursuant to the stipulation of settlement, the plaintiff was given an option to purchase three commercial properties owned by Flushing Plumbing Supply, Paul Brown Properties, and 37-25, and leased to CYD for a term of 98 years pursuant to a written agreement (hereinafter the lease). The plaintiff could exercise that option during the period commencing August 1, 2052 and ending on July 30, 2053. The plaintiff's exercise of that option was, however, subject to a right of first refusal granted in the lease to CYD.

On December 17, 2007 one of the properties was sold to the defendant Shoho J, LCC (hereinafter Shoho J). The other two properties (hereinafter the Leavitt properties) were sold to the defendant Leavitt Enterprise, Inc. (hereinafter Leavitt), which financed its purchase with a mortgage loan from the defendant Asia Bank, N.A. (hereinafter Asia Bank).

In addition, on December 17, 2007, CYD subleased the two Leavitt properties back to Leavitt. The term of the sublease ended one day before the end of the term of the lease.

Subsequently, the plaintiff commenced the instant action, seeking, inter alia, to set aside both the sublease and the deeds to Leavitt and Shoho J on the ground that the underlying transactions violated the stipulation of settlement. The plaintiff also sought a judgment declaring that CYD's right of first refusal was extinguished in light of CYD's failure to exercise that right when the properties were sold to Leavitt and Shoho J.

The Supreme Court properly granted those branches of the motions of Flushing Plumbing Supply, Paul Brown Properties, 37-25, and Paul Brown, and of CYD, Shoho J, and the defendant Chien Tsang Lin (hereinafter collectively the Lin defendants) which were, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the second cause of action, which alleged that the stipulation of settlement was breached. In opposition to those branches of the motions, the plaintiff alleged that the sale of the properties to Shoho J and Leavitt violated a provision of the stipulation of settlement prohibiting modification or termination of the lease without its prior written consent. The plaintiff argued that, consequently, the provision operated to prevent Flushing Plumbing Supply, Paul Brown Properties, and 37-25 from selling their properties without its consent.

The interpretation placed on that provision of the stipulation of settlement by the plaintiff is not a reasonable construction of that provision, and there is no evidence that the parties to the stipulation of settlement intended that the plaintiff's consent to

a modification or termination of the lease was required not only for a modification or termination, but also as a prerequisite to a sale of the properties during the 98-year lease term. In the absence of an explicit restriction on the ability of Flushing Plumbing Supply, Paul Brown Properties, and 37-25 to sell their property, this Court will not read such a restriction into the stipulation of settlement (*see Tantleff v Truscelli,* 110 AD2d 240, 244-245 [1985], *affd* 69 NY2d 769 [1987]; *see also Premium Point Park Assn. v Polar Bar, Inc.,* 306 NY 507, 512 [1954]).

Moreover, and contrary to the plaintiff's contention, nothing in the stipulation of settlement prevented CYD from subleasing the properties. The lease expressly permitted CYD to sublease without the plaintiff's prior consent, and that lease provision, which was not amended by the stipulation of settlement, remains in effect.

The Supreme Court properly converted, pursuant to CPLR 3211 (c), that branch of the Lin defendants' motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third cause of action asserted against them, which sought a judgment declaring that CYD's right of first refusal was extinguished, into one for summary judgment declaring that CYD's right of first refusal was not extinguished. Although the court did not give the parties notice of its intention to convert that branch of the motion, such notice was not required because the cause of action, inasmuch as it rested entirely upon the construction and interpretation of an unambiguous contractual provision (*cf. Rahman v Park,* 63 AD3d 812, 813-814 [2009]), "exclusively involve[d] issues of law which were fully appreciated and argued by the parties" (*Moutafis v Osborne,* 18 AD3d 723, 724 [2005]).

However, the Supreme Court erred in awarding the Lin defendants summary judgment declaring that CYD's right of first refusal was not extinguished. The language of the lease provision granting CYD the right of first refusal cannot fairly be read as reviving or continuing that right after CYD failed to exercise it, but instead allowed the properties to be sold to third parties notwithstanding CYD's desires or intentions. CYD does not deny that it was given an opportunity to purchase the properties on the same terms and conditions as those offered by Shoho J and Leavitt. Thus, it is clear that CYD received the bargained-for performance under the provision (*see LIN Broadcasting Corp. v Metromedia, Inc.,* 74 NY2d 54, 62 [1989]) and, accordingly, no longer has any rights under that provision (*see Blau-Par Corp. v Reliance Chem. Corp.,* 170 AD2d 811, 813 [1991]; *Allright N.Y. Parking v Shumway,* 94 AD2d 962, 963 [1983]; *see also* 3 Warren's Weed, New York Real Property

§ 32.149, at 32-263 [5th ed]; *cf. Sargent v Vought,* 194 App Div 807, 809-810 [1920]). Under the circumstances, we search the record pursuant to CPLR 3212 (b) (*see Dunham v Hilco Constr. Co.,* 89 NY2d 425, 430 [1996]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]), and award the plaintiff summary judgment declaring that CYD's right of first refusal was extinguished.

The Supreme Court further erred in granting that branch of the Lin defendants' motion which was to cancel the notice of pendency filed by the plaintiff with respect to the properties, inasmuch as the second cause of action, insofar as asserted against the nonmoving defendants Leavitt and Asia Bank, survives the instant motions (*cf.* CPLR 6501).

The plaintiff's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that CYD's right of first refusal under the lease is extinguished (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Covello, J.P., Santucci, Chambers and Hall, JJ., concur.