■ DAVID FRYDMAN et al., Appellants, v FIDELITY NATIONAL TITLE INSURANCE COMPANY, Formerly Known as FIDELITY NATIONAL TITLE INSURANCE COMPANY OF NEW YORK, Respondent. [891 NYS2d 381]—

The subject title policy took effect as of May 26, 1999, the date the insureds acquired title to the insured property. Insofar as pertinent to the appeal, the policy specifically excludes from coverage "[r]ights of tenants or persons in possession." It additionally excludes "fences . . . [that] vary with record lines," as indicated in a 1972 "survey report," as well as a May 5, 1999 "survey inspection" reporting no changes to the property's "boundary indicator."

The 2002 underlying complaint for adverse possession against plaintiffs by their neighbors was based entirely on the location of a fence that varied from the actual boundary line. Thus, the policy's exception to coverage for varying fences clearly applies.

Assuming, as plaintiffs argue, that the prepolicy "certificate of title," dated May 26, 1999, and the attached "marked title report" reveal an intention to cover claims based on a fence that varied from the actual boundary line, we would find that any such intention did not survive issuance of the policy. The certificate of title specifically states that upon delivery of the final policy, the certificate becomes null and void. Moreover, section 15 of the policy specifically states that, together with any attached endorsements, it constitutes the entire contract between the parties, and defendant's liability is limited only to its terms (see Hess v Baccarat, 287 AD2d 834 [2001]).

Plaintiffs' reliance on Fresh Pond Rd. Assoc. v TRW Title Ins. of N.Y. (176 AD2d 660 [1991]) is misplaced, since the case is distinguishable. In that case, since the insurance policy contained only general exclusionary language and a marked title report contained handwritten notes indicating that certain specific exclusions were to be omitted from the policy, we found issues of fact as to the intended scope of the policy. Here, the policy contains specific exclusions, and pursuant to its terms is the sole agreement between the parties. We have considered plaintiffs' argument that the court improperly converted a breach of contract action into a declaratory judgment action and, without CPLR 3211 (c) notice, converted a motion by de-

fendant to dismiss the complaint into a motion for summary judgment, and find it to be unavailing (*see* CPLR 2002; *Shah v Shah*, 215 AD2d 287, 289 [1995]). This case contains no factual disputes, and by submitting before the Supreme Court every relevant piece of documentary evidence, along with affidavits of representatives of both parties discussing the application of such evidence, the parties have charted a course for summary judgment. Accordingly, the court properly entered a declaratory judgment in favor of defendants. Concur—Mazzarelli, J.P., Nardelli, Catterson, DeGrasse and Román, JJ.