■ ALLWAYS ELECTRIC CORP. et al., Appellants, v BRIAN ABRAMS et al., Respondents. [902 NYS2d 670]—

In an action, inter alia, to recover damages for breach of restrictive covenants contained in employment agreements, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 1, 2009, as granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action in the complaint, and denied their cross motion for summary judgment dismissing the defendants' counterclaims against the plaintiff Allways Electric Corp. and for summary judgment on the issue of liability on the first and second causes of action in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the restrictive covenants at issue do not serve to protect a legitimate employer interest (*see Natural Organics, Inc. v Kirkendall*, 52 AD3d 488, 489 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs failed to show that enforcement of the restrictive covenants was necessary to protect the goodwill of Allways Electric Corp.'s clients, as that term is used in *BDO Seidman v Hirshberg* (93 NY2d 382, 392-393 [1999]; *see Gilman & Ciocia, Inc. v Randello*, 55 AD3d 871, 872 [2008]).

Since there is no legitimate employer interest to protect, the restrictive covenants are unenforceable and the issue of partial enforcement does not arise (*see Natural Organics, Inc. v Kirkendall*, 52 AD3d at 490; *cf. BDO Seidman v Hirshberg*, 93 NY2d at 394). Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action in the

complaint, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on those causes of action.

The parties' remaining contentions are without merit. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.