■ DAVID BROWN, Respondent, v BRUNO DECAUDIN, Also Known as BRUNO Y. DECAUDIN, et al., Defendants, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for Ohio Savings Bank, Appellant. [10 NYS3d 444]—

In an action, inter alia, to rescind a deed and discharge a certain mortgage based on fraudulent inducement, the defendant Mortgage Electronics Registration Systems, Inc., as nominee for Ohio Savings Bank, appeals (1) from stated por-

tions of an order of the Supreme Court, Westchester County (Colabella, J.H.O.), dated July 30, 2013, which, inter alia, converted that branch of its motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) to a motion for summary judgment dismissing the complaint insofar as asserted against it, and converted the plaintiff's cross motion, inter alia, to strike its answer and to cancel and discharge the subject mortgage, to a cross motion for summary judgment canceling and discharging the subject mortgage pursuant to RPAPL 1501 (4), and thereupon denied the motion and granted the cross motion, and (2) from a judgment of the same court entered December 2, 2013, which, upon the order, canceled and discharged the subject mortgage and related mortgage assignments.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff commenced this action, inter alia, to rescind a deed and discharge a mortgage on the subject premises in December 2005. On appeal, the appellant mortgagee contends that its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the plaintiff's cross motion, were improperly converted to a motion and cross motion for summary judgment, respectively, because the Supreme Court did not give the parties prior notice of its intention to do so pursuant to CPLR 3211 (c).

Contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in converting the respective motion and cross motion to those seeking summary judgment without giving the requisite notice, because, inter alia, the dispute involves only issues of law which were argued by all parties (*see F&T Mgt. & Parking Corp. v Flushing Plumbing Supply Co., Inc.*, 68 AD3d 920 [2009]; *Frydman v Fidelity Natl. Tit. Ins. Co.*, 68 AD3d 622, 623-624 [2009]; *Backer v Bouza Falco Co.*, 28 AD3d 503 [2006]; *New York State Higher Educ. Servs. Corp. v Barry*, 267 AD2d 567 [1999]). Further, the Supreme Court properly awarded summary judgment to the plaintiff canceling and discharging the subject mortgage pur-

suant to RPAPL 1501 (4), because, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the appellant failed to raise a triable issue of fact (*see Corrado v Petrone*, 139 AD2d 483 [1988]).

The appellant's remaining contentions are without merit. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.