Devos, Ltd., also doing business as Guaranteed Returns, Plaintiff,

against
United Returns, Inc. d/b/a United RX Solutions, Van Schuette, Robert J. Dooley, Christopher Louis, and David Silvis, Defendants.


609113-15

For Plaintiff:
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
For Defendants:
The Law Office of Ian T. Fitzgerald, LLC
320 Carleton Avenue, Suite 6800
Central Islip, New York 11722 


Elizabeth H. Emerson, J.

Upon the following papers read on these motionsfor preliminary injunction and to vacate TRO and cross-motion to modify TRO ; Notice of Motion and supporting papers 2-17; 30-39 ; Notice of Cross Motion and supporting papers 43-58 ; Answering Affidavits and supporting [*2]papers21-24; 64; Replying Affidavits and supporting papers65 ; it is,
ORDERED that the motion by the defendants to vacate the temporary restraining order contained in the order to show cause dated August 26, 2015, is granted; and it is further
ORDERED that the cross motion by the plaintiff to modify the temporary restraining order contained in the order to show cause dated August 26, 2015, is denied; and it is further
ORDERED that the motion by the plaintiff for a preliminary injunction is denied.
The plaintiff, Devos, Ltd., doing business as Guaranteed Returns ("Devos" or "GRX), is a pharmaceutical-return company or reverse distributor. It obtains expired, recalled, damaged, or overstocked pharmaceuticals from governments, hospitals, clinics, long-term care facilities, independent retail and chain-store pharmacies and returns them to the manufacturers for a refund. Its fee for providing this service is a percentage of the refund. Devos is headquartered in Holbrook, New York, and has satellite offices across the United States. It has 275 employees, subcontractors, and representatives who operate on its behalf both domestically and abroad.
The individual defendants were employed by Devos. The defendant Van Schuette began working for Devos in 1990 as a sales representative and became Director of Outside Sales in 2004. The defendant Robert Dooley began working for Devos in 1992 as a sales representative. He became a Regional Sales Manager in 1996 and Director of Government Affairs Outside the Continental United States in 2004. The defendants Christopher Louis and David Silvis began working for Devos as sales representatives in 1993 and 2002, respectively. Silvis had been previously employed by another reverse distributor of pharmaceuticals, Easy Returns. Between 2008 and 2012, the individual defendants entered into identical restrictive covenants with Devos. The covenants provided, in pertinent part, as follows:
"During the term hereof and for a period of Thirty-six (36) months following termination for any reason whatsoever of Representative's [FN1]
engagement with GRX whether such termination is voluntary or involuntary, with cause or without cause, with or without notice, as the case may be, Representative shall not in any manner whatsoever, directly and/or indirectly, either as an employee, owner, partner, joint venture, agent, stockholder, director, officer, consultant, independent contractor or in any other capacity whatsoever, engage in GRX's Business or in any other activities or business which is competitive with GRX or GRX's Business, within the continental United States, including, without limitation, any and all states or countries in which Representative has performed any duties for GRX, whether as the person in charge or not, or as a representative that has any kind of contact with a customer, including, but not limited to telephone, facsimile transmission, etc.
"After termination of Representative's engagement with GRX, Representative shall not (either directly, indirectly, or through others): (i) solicit or attempt to solicit the business of any of the customers of GRX or the business of any of the prospective customers of GRX with whom the representative dealt or had any contact on behalf of GRX; or (ii) encourage or induce any representative or employee of GRX to terminate his, her or its engagement or employment with GRX."
In 2014, Devos was indicted by the federal government on multiple counts of mail fraud, wire [*3]fraud, conspiracy, and theft of government property, among other things.[FN2]
The government alleged that, from 1999 through 2014, Devos, Dean Volkes (Devos' President and Chief Executive Officer), and Donna Fallon (Devos' Executive Vice President and Chief Financial Officer) engaged in a scheme to defraud Devos's clients, including the Department of Defense, by wrongfully diverting their pharmaceutical refunds to fictitious accounts controlled by Devos and Volkes. In March 2017, the Devos, Volkes, and Fallon were convicted, inter alia, of stealing more than $180 million from over 13,000 clients, including more than $20 million from numerous medical-treatment facilities operated by the Department of Defense and other government agencies. 
In late 2014 and early 2015, after the indictment became public, the individual defendants left Devos' employ, either voluntarily or involuntarily, and formed the defendant United Returns, Inc. ("United"), a competing pharmaceutical-return company. On August 21, 2015, Devos commenced this action for damages and injunctive relief against United and the individual defendants. The complaint contains causes of action for breach of contract, tortious interference with contract, tortious interference with prospective economic advantage, misappropriation of trade secrets, breach of fiduciary duty, unjust enrichment, and unfair competition. Devos moved by order to show cause for a preliminary injunction and temporary restraining order ("TRO"). The order to show cause was signed by Justice Santorelli on August 26, 2015. He granted the TRO to the extent of enjoining the defendants, pending further order of the court, from disclosing any of Devos' confidential information or trade secrets; from soliciting any of Devos' customers; from "poaching" any of Devos' employees, representatives, and independent contractors; and from using any of Devos' confidential information in violation of the restrictive covenants. By an order of this court dated October 8, 2015, the motion for a preliminary injunction was referred to a conference. The TRO is still in effect.
The defendants move to vacate the TRO on the ground that, since Devos has now been convicted, it comes to court with unclean hands. In addition, the defendants argue that Devos is not likely to succeed on the merits and that the balance of equities is not in its favor. The plaintiff opposes vacatur of the TRO and cross moves to modify it to include more restrictions. The plaintiff argues that the defendants have violated the TRO and that additional restrictions are necessary to prevent irreparable harm to Devos. The motion and cross motion are consolidated for disposition with the previous motion for a preliminary injunction since all three motions raise the enforceability of the restrictive covenants and the defendants' purported violation thereof.
To obtain a preliminary injunction, the movant must demonstrate by clear and convincing evidence: (1) a likelihood of success on the merits, (2) irreparable harm in the absence of an injunction, and (3) a balancing of the equities in favor of the movant (see, Greystone Staffing, Inc. v Warner, 106 AD3d 954 [emphasis in the original]). The court finds that the plaintiff has failed to meet its burden.
New York courts have long held that, since there are powerful considerations of public policy which militate against sanctioning the loss of a person's livelihood, restrictive covenants which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp. 42 NY2d 496, 499). Covenants that restrict an employee's ability to compete must meet the test of reasonableness(BDO Seidman v Hershberg, 93 NY2d 382, 388-389). A restraint is reasonable only if it: (1) is no [*4]greater than is required for the protection of the legitimate interest of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public (Id at 389). A violation of any prong of this three-prong test renders the covenant invalid (Id). Moreover, with respect to the first prong, a covenant will only be subject to specific enforcement if it is reasonable in time and area and then only to the extent necessary to protect the employer from unfair competition which stems from the employee's use or disclosure of trade secrets or confidential customer lists or from competition by a former employee whose services are unique or extraordinary (Id. citing Reed, Roberts Assocs. v Strauman, 40 NY2d 303, 307-308, see also, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.supra).
The restrictive covenants at issue in this case are facially overbroad. While the first paragraph is limited temporally to three years, it contains no geographical limitation. It prohibits the individual defendants from engaging in any competitive business within the continental United States and in any countries in which they performed any duties for Devos or had any contact with a Devos customer, including telephone and facsimile transmission. The second paragraph, which prohibits the individual defendants from soliciting any Devos customers with whom they did business and from inducing any Devos representatives or employees from terminating their employment, has no temporal limitation. The court finds that these restrictions are far greater than required to protect any legitimate interest of Devos and that they impose an undue hardship on the individual defendants, all of whom are in their late 40's or early 50's and have been employed by Devos or in the pharmaceutical-return industry for 20 years or more. To enforce these covenants would require the individual defendants to endure a three-year period of total unemployment, to accept employment in an entirely different occupation or profession, or to relocate outside of the continental United States to a foreign country where they have never performed any duties for Devos or had any contact with any of Devos' customers (cf., Greystone Staffing, Inc. v Warner, supra [enforcement of covenant would have required defendant to endure a one-year period of total unemployment, to accept employment in an entirely different occupation or profession, to relocate to a place far outside of the area in which they had grown accustomed to living, or to continue to work for the plaintiff]). The defendant Robert Dooley (former Director of Government Affairs Outside the Continental United States), in particular, would potentially be prohibited from relocating anywhere in the world.
The plaintiff contends that the covenants are necessary to protect Devos' confidential customer information and trade secrets.[FN3]
A trade secret is a formula, pattern, device, or compilation of information that is used in one's business and that gives the owner an opportunity to obtain an advantage over competitors who do not know or use it (Ashland Mgt. Inc. v Janien, 82 NY2d 395, 407). An essential requisite to legal protection is the element of secrecy (Id.; see also, DK Fabrications, Ltd. v Blaszczynski, 41 Misc 3d 1205[A] at *4, citing Delta Filter Corp. v Morin, 108 AD2d 991, 992). Secrecy has been defined as (1) substantial exclusivity of knowledge of the formula, process, device, or compilation of information and (2) the employment of precautionary measures to preserve such exclusive knowledge by limiting legitimate access by others (Id.; see also, Ashland Mgt. Inc. v Janien, supra).
The plaintiff has made no showing of the precautionary measures taken by Devos to guard the secrecy of the customer lists and other information that it seeks to protect as trade secrets. With respect to customer information, it is well established that, when an employer's past or prospective customers' names are readily ascertainable from sources outside its business, trade secret protection will not attach and solicitation by the employee will not be enjoined (Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.supra at 499). The defendants have produced evidence in admissible form that, contrary to the plaintiff's contentions, the names of Devos' customers are publicly available and well known within the pharmaceutical-return industry. Moreover, pricing data and market strategies do not constitute trade secrets (Marietta Corp. v Fairhurst, 301 AD2d 734, 738), and an employee' recollection of information pertaining to the specific needs and business habits of particular customers is not confidential (Natural Organics, Inc. v Kirkendall, 52 AD3d 488, 489). The plaintiff's contention that the defendants used Devos' confidential and proprietary information to copy the way Devos operates and services its clients is contradicted by the affidavit of the defendant Robert Dooley, who avers that Devos' systems and processes are used throughout the pharmaceutical-return industry. Mere knowledge of the intricacies of a business is not enough to constitute a trade secret (Intl. Business Machines Corp. v Simonson, 42 Misc 3d 1229[A] at *6 [and cases cited therein]).
In view of the foregoing, the court finds that the plaintiff has failed to establish that the restrictive covenants are necessary to protect Devos from unfair competition which stems from the individual defendants' use or disclosure of trade secrets or confidential customer lists. Moreover, in addition to being sharply disputed, many of the plaintiff's allegations are based on hearsay or information and belief. Accordingly, the plaintiff has failed to establish by clear and convincing evidence that it is likely to succeed on the merits and that the balancing of the equities is in its favor.The plaintiff has also failed to establish by clear and convincing evidence that it will be irreparably harmed in the absence of an injunction. It cannot be determined on the record presently before the court whether any loss of good will and/or business by Devos was due to the competing business set up by the defendants or due to its indictment and subsequent criminal conviction. In any event, Devos contends that its business is thriving, that it acquired more than 1,000 new customer accounts in 2015 and 2016, and that the sales representatives who replaced the defendants David Silvis and Christopher Louis have generated more than $800,000 in fees and services for the years 2015 and 2016, respectively.
Finally, the plaintiff contends that, if the court finds the restrictive covenants to be overbroad in time or scope, they should be partially enforced to the extent that the court determines them to be reasonable. Such partial enforcement is unavailable when, as here, the employer fails to demonstrate that the noncompete agreement serves to protect a legitimate employer interest (Natural Organics, Inc. v Kirkendall, supra 489-490; Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina, 9 AD3d 805, 807). Moreover, there is evidence in the record that the restrictive covenants were imposed on the individual defendants as a condition of their continued employment for which they received no additional compensation (Id., citing BDO Seidman v Hirschberg, supra at 394). Accordingly, partial enforcement is not warranted.
The plaintiff's motion for a preliminary injunction is denied; the defendant's motion to vacate the temporary restraining order is granted; and the plaintiff's cross motion to modify the temporary restraining order is denied.
DATED: September 28, 2017
Hon. Elizabeth H. Emerson
J.S.C.



Footnotes

Footnote 1:The Representatives are the individual defendants.

Footnote 2:The original indictment was superceded in 2016 to include additional charges.

Footnote 3:The plaintiff does not contend that the individual defendants' services are unique or extraordinary.