Frank v Metalico Rochester, Inc. (2019 NY Slip Op 05863)





Frank v Metalico Rochester, Inc.


2019 NY Slip Op 05863


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


348 CA 18-01400

[*1]ROBERT FRANK, PLAINTIFF-RESPONDENT,
v
METALICO ROCHESTER, INC., FORMERLY KNOWN AS METALLICO LYELL ACQUISITIONS, INC., DEFENDANT-APPELLANT. 






BOND, SCHOENECK & KING, PLLC, ROCHESTER (KATHERINE S. MCCLUNG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WOODS OVIATT GILMAN LLP, ROCHESTER (WARREN B. ROSENBAUM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Daniel J. Doyle, J.), dated July 6, 2018. The order and judgment, inter alia, granted the motion of plaintiff for partial summary judgment on his second cause of action. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying plaintiff's motion, vacating the third ordering paragraph and the decretal paragraph, striking the words "is denied" from the second ordering paragraph and substituting therefor the words "is granted," granting that part of defendant's motion with respect to the third cause of action, and granting judgment in favor of defendant as follows:
It is ADJUDGED and DECLARED that the restrictive covenant in the 2004 Non-Competition Agreement as amended in 2005 and 2009 was not superseded by the 2009 Employment Agreement, neither agreement has lapsed, and neither agreement would be rendered unenforceable solely because plaintiff was terminated without cause,
and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this declaratory judgment action, which arises from his sale of a metal recycling business to defendant and plaintiff's ensuing employment by defendant, seeking a judgment declaring that he is not bound by certain restrictive covenants in the agreements that the parties entered into concerning the sale and employment. Defendant answered, and contemporaneously moved to dismiss the first and third causes of action pursuant to CPLR 3211 (a) (1) and (7). Plaintiff moved for, among other relief, partial summary judgment on the second cause of action. Supreme Court issued an order and judgment in which it, inter alia, converted that part of defendant's motion seeking to dismiss the first cause of action into a motion pursuant to CPLR 3212 for summary judgment on that cause of action, denied the converted motion, searched the record, and granted summary judgment in favor of plaintiff on that cause of action, albeit with a typographical error regarding the cause of action at issue. The court also granted that part of plaintiff's motion seeking partial summary judgment on the second cause of action, and declared the rights of the parties in favor of plaintiff. Defendant appeals from the order and judgment.
Contrary to defendant's initial contention, the court did not err in converting that part of defendant's motion seeking to dismiss the first cause of action pursuant to CPLR 3211 into a motion for summary judgment on that cause of action. The statute provides that, "[w]hether or not issue has been joined, the court, after adequate notice to the parties, may treat the motion as a motion for summary judgment" (CPLR 3211 [c]). Additionally, although the court is normally [*2]required to give notice to the parties before converting a motion to dismiss to one for summary judgment (see Carcone v D'Angelo Ins. Agency, 302 AD2d 963, 963 [4th Dept 2003]), the court properly dispensed with the statutory notice here inasmuch as the issue presented "rested entirely upon the construction and interpretation of an unambiguous contractual provision . . . [that] exclusively involve[d] issues of law which were fully appreciated and argued by the parties' " (F & T Mgt. & Parking Corp. v Flushing Plumbing Supply Co., Inc., 68 AD3d 920, 923 [2d Dept 2009], lv denied 15 NY3d 702 [2010]; see Hendrickson v Philbor Motors, Inc., 102 AD3d 251, 258 [2d Dept 2012]; see generally Mihlovan v Grozavu, 72 NY2d 506, 508 [1988]).
Here, the first cause of action sought a declaration of the rights of the parties with respect to the interplay among a series of written agreements, specifically whether certain restrictive covenants in the parties' 2004 Employment Agreement and 2004 Non-Competition Agreement were superseded by their 2009 Employment Agreement. The arguments of the parties were devoted solely to the legal impact of those contractual provisions, therefore, the court was not required to give notice before converting that part of the motion (see F & T Mgt. & Parking Corp., 68 AD3d at 923).
We agree with defendant, however, that the court, after converting that part of the motion seeking to dismiss the first cause of action pursuant to CPLR 3211 into a motion for summary judgment, erred in denying that part of the motion and in searching the record and granting summary judgment in favor of plaintiff on the first cause of action. This litigation arises from several written agreements that the parties executed in 2004, 2005 and 2009. The initial set of documents, all of which were executed on the same day in 2004, include the 2004 Stock Purchase Agreement, by which plaintiff transferred ownership of his business to defendant, the 2004 Employment Agreement, which set the terms, conditions, and compensation for plaintiff's employment by defendant during the ensuing five-year period, and the 2004 Non-Competition Agreement, which provided that plaintiff would not compete against defendant during that term of employment and during the "Post-Employment Period," which extends for five years after the "Termination Date," which "means the last day of [plaintiff's] employment by" defendant or any of its affiliates. The 2004 Employment Agreement also contained restrictive covenants concerning plaintiff's activities during, inter alia, his term of employment. Each of those three documents references the other two, and they were all signed on the same date. Furthermore, each of the documents reflects that plaintiff was provided separate consideration in return for it, to wit, salary plus bonuses and other consideration in return for the 2004 Employment Agreement, cash plus stock and other consideration for the 2004 Stock Purchase Agreement, and additional monetary consideration for the 2004 Non-Competition Agreement.
In 2005, the parties executed an amendment to the 2004 Non-Competition Agreement, which provided that plaintiff's compensation under that agreement would be paid to a trust, rather than to his estate, if he died during the five-year term of those payments. The parties further modified the 2004 Non-Competition Agreement in 2009 and, on the same day that such modification was executed, they also executed another employment agreement, the 2009 Employment Agreement. In deciding the motions of the parties, the court concluded that "the 2009 [E]mployment [A]greement constituted the entire agreement between the parties and the stand-alone restrictive covenants necessarily merged with the 2009 [E]mployment [A]greement," based on, inter alia, an integration clause inserted in that document. The court further concluded that the restrictive covenants in the 2009 Employment Agreement expired in 2012 at the conclusion of the three-year duration of that agreement, regardless of the fact that plaintiff continued to be employed by defendant for an additional five years. We agree with defendant that the court erred in reaching those conclusions.
First, the integration clause in the 2009 Employment Agreement expressly states that it supersedes the 2004 Employment Agreement, but it does not include any language purporting to supersede the 2004 Non-Competition Agreement. Thus, employing the maxim of contract interpretation stating that "inclusio unius est exclusio alterius (the inclusion of one is the exclusion of another)" (Uribe v Merchants Bank of N.Y., 91 NY2d 336, 340 [1998]; see Matter of Avella v City of New York, 29 NY3d 425, 436 n 5 [2017]; Niagara Frontier Transp. Auth. v Euro-United Corp., 303 AD2d 920, 921 [4th Dept 2003]), we conclude that the integration clause does not require a determination that the 2009 Employment Agreement supersedes the 2004 Non-Competition Agreement.
Moreover, the parties included a term in the 2009 Employment Agreement that was not included in the 2004 version, to wit, the 2009 version also defines the post-employment period as "the period of three (3) years from the last day of the [plaintiff's] employment by [defendant] or any affiliate of" defendant. The restrictive covenant in the 2009 Employment Agreement states that plaintiff will abide by the specified restrictions "during the Employment Period and the Post-Employment Period."
In addition, on the same day in 2009 the parties also amended the 2004 Non-Competition Agreement by changing the post-employment period during which plaintiff would still be bound by the Restrictive Covenants in the 2004 Non-Competition Agreement, so that the restrictions were operative for a period of three years commencing on the "Termination Date." That date, as defined in the 2004 Non-Competition Agreement and explicitly incorporated into the 2009 amendment, was defined as "that last day of [plaintiff's] employment by [defendant] or any affiliate of" defendant.
"It is well settled that a contract must be read as a whole to give effect and meaning to every term . . . Indeed, [a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible" (O'Brien & Gere, Inc. of N. Am. v G.M. McCrossin, Inc., 148 AD3d 1804, 1805 [4th Dept 2017] [internal quotation marks omitted]; see Spellane v Natarajan, 169 AD3d 1406, 1407 [4th Dept 2019]; Maven Tech., LLC v Vasile, 147 AD3d 1377, 1378 [4th Dept 2017]). Thus, "[a]ll parts of the contract must be read in harmony to determine its meaning . . . One portion of [a contract] should not be read so as to negate another portion" (Matter of Bombay Realty Corp. v Magna Carta, 100 NY2d 124, 127 [2003]). Here, the court interpreted the 2009 Employment Agreement so that it superseded the 2004 Non-Competition Agreement and so that it expired in 2012 despite plaintiff's continued employment by defendant. That interpretation nullified the newly-inserted provision in the 2009 Employment Agreement regarding the post-employment period, and also nullified the 2009 amendment to the Non-Competition Agreement, which was executed on the same day as the 2009 Employment Agreement. By including those terms in their agreement, however, the parties clearly expressed their intent that plaintiff continue to be bound by the restrictive covenants in the 2009 Employment Agreement and the 2004 Non-Competition Agreement as amended for the entire time that plaintiff was employed by defendant and for a three-year period after that employment ended. Consequently, we conclude that the court erred in its interpretation of the agreements and in determining the motions. Therefore, we modify the order and judgment by vacating that part granting summary judgment to plaintiff on the first cause of action, and by granting summary judgment to defendant with respect to that cause of action.
We also agree with defendant that the court erred in granting plaintiff's motion for partial summary judgment on the second cause of action, which sought a declaration that the restrictive covenants in the 2009 Employment Agreement and the 2004 Non-Competition Agreement as amended in 2005 and 2009 were overbroad, unreasonable in temporal and geographic scope, and not necessary to protect defendant's legitimate interests. Because plaintiff sold his business to defendant, including the goodwill of that business, the enforceability of the restrictive covenants must be evaluated pursuant to the standard applicable to the sale of a business rather than the "stricter standard of reasonableness" applicable to employment contracts (Reed, Roberts Assoc. v Strauman, 40 NY2d 303, 307 [1976], rearg denied 40 NY2d 918 [1976]; see Weiser LLP v Coopersmith, 51 AD3d 583, 583-584 [1st Dept 2008]; Kraft Agency v Delmonico, 110 AD2d 177, 182-183 [4th Dept 1985]). It is well settled that a covenant restricting the right of a seller of a business to compete with the buyer is enforceable if its duration and scope are "reasonably necessary to protect the buyer's legitimate interest in the purchased asset" (Hadari v Leshchinsky, 242 AD2d 557, 558 [2d Dept 1997]; see Mohawk Maintenance Co. v Kessler, 52 NY2d 276, 283-284 [1981]; Purchasing Assoc. v Weitz, 13 NY2d 267, 271-272 [1963], rearg denied 14 NY2d 584 [1964]).
Consequently, inasmuch as plaintiff was the party seeking partial summary judgment on that cause of action, he had the initial burden of establishing as a matter of law that the restrictive covenants at issue here were unreasonable, which in turn required that the court "consider, among other things, such factors as the size and location of the market areas to be served by the parties and the length of time needed to provide [defendant] with a reasonable period in which to secure [its] ownership in the good will of" the business (Kraft Agency, 110 AD2d at 185; see e.g. Genesee Val. Trust Co. v Waterford Group, LLC, 130 AD3d 1555, 1557 [4th Dept 2015]; see [*3]generally Karpinski v Ingrasci, 28 NY2d 45, 49-50 [1971]). We conclude that plaintiff failed to proffer sufficient evidence in admissible form to meet that burden (cf. Natural Organics, Inc. v Kirkendall, 52 AD3d 488, 489 [2d Dept 2008], lv denied 11 NY3d 707 [2008]), and his " [f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers' " (JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384 [2005], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore further modify the order and judgment accordingly.
We also agree with the further contention of defendant that the court erred in denying that part of its motion with respect to the third cause of action. In that cause of action, plaintiff sought a judgment declaring that the restrictive covenants in all of the parties' agreements are unenforceable because his employment with defendant was terminated without cause. Nothing in the agreements signed by the parties provides that the restrictive covenants are impacted by such a termination, and under similar circumstances we concluded that, "[e]ven assuming, arguendo, that [the employee] was terminated without cause, . . . such termination would not render the restrictive covenants in the agreement unenforceable" (Brown & Brown, Inc. v Johnson, 115 AD3d 162, 170 [4th Dept 2014], revd on other grounds 25 NY3d 364 [2015]). Consequently, inasmuch as the sole basis for the third cause of action cannot support a judgment in plaintiff's favor, the court erred in denying defendant's motion with respect to that cause of action. We therefore further modify the order and judgment accordingly.
Finally, plaintiff contends that the court properly denied defendant's motion with respect to the third cause of action because it contains additional allegations and is not based solely on the allegation that plaintiff was terminated without cause. We reject that contention. The only other allegations in that cause of action are duplicated in the second cause of action, and thus those parts of the third cause of action must be dismissed as duplicative of the allegations in the second cause of action (see generally Board of Trustees of IBEW Local 43 Elec. Contrs. Health & Welfare, Annuity & Pension Funds v D'Arcangelo & Co., LLP, 124 AD3d 1358, 1360 [4th Dept 2015]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court