■ RONALD SHAPSS CORPORATE SERVICES, INC., Appellant, v FIDELITY HOLDINGS, INC., Respondent, et al., Defendant. [721 NYS2d 807] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated December 15, 1999, as denied its cross motion for summary judgment against the defendant Fidelity Holdings, Inc., on the issue of liability on its breach of contract cause of action, and (2) an order of the same court, dated May 18, 2000, as denied that branch of its motion which was for leave to renew.

Ordered that the order dated December 15, 1999, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 18, 2000, is reversed insofar as appealed from, on the law, that branch of the plaintiff's cross motion which was for leave to renew its prior motion for summary judgment against the defendant Fidelity Holdings, Inc., on the issue of liability on its breach of contract cause of action is granted and, upon renewal, the determination in the order dated December 15, 1999, is adhered to; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff cross-moved for summary judgment against the defendant Fidelity Holdings, Inc. (hereinafter Fidelity), on its breach of contract cause of action, which involved an option to purchase 50,000 shares of Fidelity common stock. The Supreme Court denied the cross motion on the ground that there were triable issues of fact. We affirm on the alternative ground, raised by Fidelity, that the cross motion was premature since issue had not been joined (*see,* CPLR 3212 [a]; *City of Rochester v Chiarella,* 65 NY2d 92, 101; *Chakir v Dime Sav. Bank,* 234 AD2d 577; *Fargo v Watertown Educ. Assn.,* 175 AD2d 633).

The plaintiff properly moved to renew after issue was joined (*see, Inland Credit Corp. v Bluds,* 27 AD2d 928). Upon renewal, the plaintiff established its entitlement to judgment as a matter of law. However, Fidelity's opposition papers presented issues of fact regarding, *inter alia,* the plaintiff's performance of the subject contract which preclude an award of summary judgment to the plaintiff (*see generally, Zuckerman v City of New York,* 49 NY2d 557). O'Brien, J. P., Krausman, Florio and Schmidt, JJ., concur.