Brawer v Lepor (2020 NY Slip Op 06446)





Brawer v Lepor


2020 NY Slip Op 06446


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 652334/17 Appeal No. 12371-12372-12373 Case No. 2019-4821 

[*1]Michael Brawer, Individually and Acting for and on Behalf of Medreviews, LLC, Plaintiff-Appellant-Respondent,
v
Herbert Lepor, Defendant-Respondent-Appellant, Jeffrey Arnold et al., Defendants-Respondents.


Greenberg Traurig, LLP, New York (James W. Perkins of counsel), for appellant-respondent.
Winget Spadafora & Schwartzberg, LLP, New York (Matthew Tracy of counsel), for respondent-appellant.
Ropers Majeski PC, New York (Andrew L. Margulis of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 29, 2019, which, to the extent appealed from as limited by the briefs, granted defendants Arnold, Black, and MedReviews LLC's (the Company) motion to dismiss counts 1, 2, 3, 6, 7, 9, 11, 12, and 13 of the amended complaint, granted defendant Lepor's motion to dismiss counts 1, 3, 7, and 13 of the amended complaint, denied Lepor's motion to dismiss counts 4 and 5 of the amended complaint, and denied plaintiff's cross motion for partial summary judgment on counts 10-13, unanimously affirmed, without costs. Orders, same court and Justice, entered January 8, 2020, which denied plaintiff's motions for leave to renew his cross motion for partial summary judgment on count 10 of the amended complaint, unanimously reversed, on the law, without costs, and, upon renewal, the motion for summary judgment granted, and it is declared that members are prohibited from charging personal expenses to the Company and characterizing them as business expenses.
The derivative claims were correctly dismissed. By making a demand on the officers of the Company, plaintiff conceded that they were disinterested and independent for purposes of responding to the demand; therefore, the court's role is limited by the business judgment rule to assessing the good faith and reasonableness of their investigation (Spiegel v Buntrock, 571 A2d 767, 775-776 [Del 1990]; Andersen v Mattel, Inc., 2017 WL 218913, *3, 2017 Del Ch LEXIS 12, *8-9 [Del Ch 2017]). Plaintiff failed to raise a reasonable doubt that the Company officers were acting in good faith or with due care so as to render their investigation beyond the protection of the business judgment rule (see Rich v Yu Kwai Chong, 66 A3d 963, 977 [Del Ch 2013]). His allegations that Arnold and Black were not disinterested and independent are misplaced. As to the investigation, it was even more thorough than plaintiff requested, as it entailed a review of his expenditures as well as Lepor's. Moreover, plaintiff's arguments are vague or conclusory. For instance, he claims that Lepor, Arnold, and/or Black interfered with the investigation, but does not allege facts that would substantiate that claim. The attorneys' fees claim rises or falls with the derivative claims and therefore was correctly dismissed as well.
The fraudulent concealment claim against Arnold and Black was correctly dismissed as it fails to allege how plaintiff relied to his detriment on their alleged concealment of their and Lepor's self-dealing (see e.g. Sehoy Energy LP v Haven Real Estate Group, LLC, 2017 WL 1380619, *11, 2017 Del Ch LEXIS 58, *28-29 [Del Ch 2017] [making investments in reliance on alleged misrepresentations]; Robeco-Sage Capital, L.P. v Citigroup Alternative Invs. LLC, 2009 NY Slip Op 31751[U], *14 [Sup Ct, NY County 2009] [retaining investments in reliance on alleged misrepresentations]). Plaintiff's allegation that, had he known the true facts, he would have prevented Lepor's, Arnold's and Black's self-dealing before December 2016 is insufficient.
The indemnification claim was correctly dismissed, as it fails to allege facts that would substantiate the allegations of anticipated claims against plaintiff.
Contrary to Lepor's contention, the fraud and fraudulent inducement claims against him are pleaded with the requisite specificity (CPLR 3016[b]) and are not time-barred. Lepor contends that plaintiff was or should have been on notice of his alleged self-dealing from the financial schedules provided him in 2009. However, while the schedules reflect significant travel and entertainment costs incurred in 2008, those expenditures were not appreciably different from expenditures in the same categories in 2007. Moreover, in contrast to the fraud claims against Arnold and Black, the fraud claim against Lepor alleges that, in reliance on Lepor's failure to disclose his alleged self-dealing, plaintiff, to his detriment, sold a portion of his ownership stake to Lepor. The merger clause in the Company's operating agreement is general and vague enough to allow the claims to proceed (see Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164, 169 [1st Dept 2015]; ABRY Partners V, L.P. v F & W Acquisition LLC, 891 A2d 1032, 1058-1059 [Del Ch 2006]).
In the April 29, 2019 order, the court correctly declined to dismiss the claim for a declaration that Company members are prohibited from charging personal expenses to the Company. As the court determined, the Company's operating agreement limits reimbursement for expenses to those "incurred in connection with the conduct of the business and affairs of the Company." The court also correctly denied plaintiff's cross motion for partial summary judgment on that claim because issue had not yet been joined (CPLR 3212[a]). The court should have granted plaintiff's motion for leave to renew, made after issue had been joined, and, upon renewal, granted the motion for summary judgment on that claim (Inland Credit Corp. v Bluds, 27 AD2d 928 [1st Dept 1967]; Ronald Shapss Corp. v Fidelity Holdings, 281 AD2d 529 [2d Dept 2001]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020